(27 Misc. Rep. 8.)

LITCHFIELD v. INTERNATIONAL PAPER CO. et al.

(Supreme Court, Special Term, Kings County. March, 1899.)

1. VENUE—ACTION AFFECTING REAL ESTATE.
   A suit in equity to restrain continuance of a nuisance, and, as an incident thereto, for assessment of damages, is not an action to procure a judgment affecting an estate or interest in real estate, which Code Civ. Proc. § 982, provides shall be tried where the land is situated.

2. SAME—NUISANCE.
   The "action for a nuisance," which Code Civ. Proc. § 982 provides shall be tried in the county where the nuisance is situated, is the common-law action for damages and abatement, and not a suit in equity to restrain

continuance of a nuisance, and, as an incident thereto, for assessment of damages.

Action by Edward H. Litchfield against the International Paper Company and others. Defendants move to have the place of trial changed. Denied.

Motion to change the place of trial. This action is brought in Kings county, where the plaintiff resides, to obtain a judgment of injunction requiring the defendants to remove a superstructure to a dam owned and used by them across Rackett river in Franklin county, so as to reduce the height of such dam, and thereby prevent it from so raising the water above it in Tupper Lake as to overflow the plaintiff's lands bordering on the said lake, and situated partly in Franklin county and partly in St. Lawrence county; and enjoining them from hereafter restoring such superstructure; and also to recover the damages sustained by the plaintiff by such overflow of his lands heretofore. The defendants served a written demand under section 986 of the Code of Civil Procedure that the place of trial be changed from Kings county to St. Lawrence county as the proper county.

Charles MacVeagh, for the motion.
Hamilton Wallis, opposed.

GAYNOR, J. The defendants claim that the action is for damages for trespass to land, and that as part of the land is in St. Lawrence county they are entitled to have the action tried there under that part of section 982 of the Code of Civil Procedure which requires every action to procure a judgment "annulling or otherwise affecting an estate, right, title, lien or other interest in real property, or a chattel real," to be tried in the county where such land or chattel real is situated. The action of trespass quare clausum fregit was and is, as its name implies, an ordinary method of trying title to land, and is therefore local to the county in which the land is situated. But this is not such an action. It is a suit in equity to restrain the continuance of a nuisance, viz., the addition to the height of the old dam, which causes the waters of Tupper Lake to rise and overflow the plaintiff's land; and as an incident the plaintiff asks that his damages be assessed. If this be an action "for a nuisance" within the said section, the nuisance, viz., the dam, is in Franklin county, and no demand was made for a change to that county. But "an action for a nuisance," as mentioned in the said section, is the common-law "action for a nuisance," viz., for damages for and abatement of a nuisance, mentioned in section 968, and in which the parties are entitled to a jury trial, whereas the present is an equitable action, in which there is no right to a jury trial. Cogswell v. Railroad Co., 105 N. Y. 319, 11 N. E. 518. The parties are not entitled to a jury trial in an action which belongs to equity, unless by some statute provision. There were and are no juries in chancery. If an equitable action for a judgment to take down and restrain the continuance of a dam is one affecting title or interest in real property, such real property, viz., the dam, and, so far as appears, any land to which it is appurtenant or an easement, is in this case in Franklin county.

The other ground of the motion is "the convenience of witnesses and the ends of justice." Code, § 987. The moving papers fall so

far short of complying with the rules in respect of the convenience of witnesses that it does not seem that this part of the motion is relied on. I do not understand that the "ends of justice" may be separately considered. The statute couples together the two things as one, viz., "the convenience of witnesses and the ends of justice." And anyhow, there is nothing before me from which I can conclude that the ends of justice require the case to be tried in St. Lawrence county, where it does not belong at all, instead of Franklin county where the site of the nuisance is, and is seen of all men.

The motion is denied.