(68 App. Div. 180.)

## TUOMEY v. KINGSFORD.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES AND ENDS OF JUSTICE.

    Where a notice by defendant of a motion for change of venue to the county of his residence stated that it was made "for the convenience of witnesses and that the ends of justice may be promoted," using the language of Code Civ. Proc. § 987, subd. 3, and the answering affidavit stated that in negotiations looking to a settlement defendant's agent had declared that no jury in defendant's county would render a verdict against him if they could avoid it, which affidavit was not denied, it was improper to grant the change of venue.

2. SAME—RESULT OF CHANGE—RECHANGING—UNNECESSARY CHANGE.

    The fact that plaintiff could have the venue rechanged to the original county on the same grounds set out in his affidavit opposing defendant's motion was no reason why the change of venue should have been granted, since the same result would follow the granting as would have followed the denial of the motion to change.

Appeal from special term, Kings county.

Action by John P. Tuomey against Thomas P. Kingsford. From an order granting defendant's motion for change of venue, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Paul E. De Fere, for appellant.
H. L. Howe, for respondent.

GOODRICH, P. J. The defendant moved for a change of venue from Kings county to Oswego county, stating in the notice of motion that it was made "for the convenience of witnesses and that the ends of justice may be promoted," using the language of subdivision 3 of section 987 of the Code of Civil Procedure. The court granted the motion, and the plaintiff appeals.

In Litchfield v. Paper Co., 27 Misc. Rep. 8, 57 N. Y. Supp. 275, Mr. Justice Gaynor said, "The statute couples together the two things as one." The decision was reversed by this court (41 App. Div. 446, 58 N. Y. Supp. 856), but not upon the point stated. The answering affidavits contained no denial of the allegations of the moving affidavits that the convenience of witnesses required a change of venue; but they contained an allegation that Ehrehart, the defendant's agent, in certain negotiations looking to a settlement of the controversy, with a view to influencing the plaintiff's decision, said:

"That he had considered the legal aspect of the case, and had reached the conclusion that suit upon the contract would have to be brought in Oswego county, the home of the defendant. This point he urged with great vigor as a reason why a liberal allowance should be allowed to the defendant, stating in explicit terms that he was positive that no jury in the county of Oswego would render a damaging verdict against the defendant, if it were possible not to do so. He stated that he was so convinced of this fact that, unless he were confident that suit upon the contract would necessarily have to be brought in Oswego county, he would be prepared to consider terms of settlement much more favorable to the plaintiff. He further stated in detail the reasons why he felt confident that a jury in Oswego county would be materially prejudiced in favor of the defendant; that the defendant had lived in the town of Oswego all of his life, as had his father and grandfather before him; that he had been prominent in all local enterprises and local charities, and that he had always been an extensive employer of labor, and was popular with the working people throughout the county; that in a contest between him and some person from out of the county there could be no question but that any jury would be materially prejudiced in defendant's favor."

This affidavit was not contradicted, and we may assume its truthfulness. Thus we are called upon to say whether it is proper to change a venue for the convenience of witnesses on the motion of a party who has boasted, or at least intimated, that he can defeat a fair trial by such change. Evidently, "the ends of justice will not be promoted by the change" from a county where it is not questioned that an impartial trial can be had to a county where, according to the defendant's statements, an impartial trial cannot be had. It is no answer that the plaintiff can move in Oswego county to have the venue rechanged to Kings county. The plaintiff should not be put to the expense and labor of such a motion where it is evident that in

orderly administration of justice the same result would follow as would have followed a denial of the motion.

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.