(86 App. Div. 512.)

### ARCHER v. McILRAVY.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Where an action was brought in Westchester county for an alleged unlawful arrest, and defendant resided in Putnam county, where the arrest took place, and where the asserted offense on which arrest was based was committed, and the arrest was effected by the officials of that county, and all the material witnesses excepting the plaintiff and another, who was also a plaintiff in a similar suit arising out of the same transaction, were residents of Putnam county, the venue was properly changed to such county for convenience of witnesses.

2. SAME.

On an application for a change of venue for convenience of witnesses, the condition of the calendar and the duration of the terms of court in the respective counties should be considered, as well as the accessibility of the county seat to the residence of the witnesses.

Appeal from Special Term, Westchester County.

Action by Louis J. Archer against James McIlravy.   From an order changing the place of trial of the action from the county of Westchester to the county of Putnam, plaintiff appeals.   Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Joseph S. Wood, for appellant.

Joseph Alfred Greene, for respondent.

HIRSCHBERG, J.   The action is brought to recover damages for the alleged unlawful arrest of the plaintiff at the instigation of the defendant.   The defendant resides in Putnam county, the arrest took place there, the asserted offense upon which the arrest was based was committed there, the arrest was effected by the officials of that county, and all the material witnesses excepting the plaintiff and another person, who is plaintiff in a similar suit arising out of the same transaction, reside in Putnam county.   On the face of the matter it is therefore apparent that the change of venue from the county of Westchester, where the action was brought, to the county of Putnam, is justified both for the convenience of witnesses and because the cause of action arose in the latter county.   Payne v. Eureka Electric Co., 88 Hun, 250, 34 N. Y. Supp. 657; Kubiac v. Clement, 35 App. Div. 186, 54 N. Y. Supp. 773; Hedges v. Bemis, 38 App. Div. 349, 56 N. Y. Supp. 566; Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558; Browne v. Town of Mount Hope, 73 App. Div. 599, 77 N. Y. Supp. 1.   Indeed, as the court said in Jacobs v. Davis, 65 App. Div. 145, 72 N. Y. Supp. 559: "It has come to be recognized that as a general rule, in transitory actions, the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality."

The learned counsel for the appellant claims that an impartial trial cannot be had in Putnam county.   In support of this assertion nothing is presented but the plaintiff's opinion, which appears to be based upon the fact that the arrest grew out of an alleged interference with

the property of the Oscawana Lake Outing Club, of which club many of the officials and other prominent citizens of Putnam county are members.   There can surely be no difficulty in securing a jury wholly free from improper influence, and an assumption to the contrary, because of the fact suggested by the plaintiff, would seem to involve an unwarranted aspersion both upon the county and the trial court. The case of Tuomey v. Kingsford, 68 App. Div. 180, 74 N. Y. Supp. 13, was very different, in that there the defendant's agent had boasted that he could defeat a fair trial by the change of venue.

The appellant further claims that the residence of the respondent's witnesses is such that the county seat of Westchester is as convenient of access, or more so, to them, than the county seat of Putnam.   Assuming that it were proper to consider this suggestion on review of an order granting a change of the place of trial, the fact should be borne in mind that the convenience of witnesses is not entirely subserved by considerations of accessibility, but that the condition of the calendar and the duration of the terms are equally relevant.   The getting away from the courthouse is at least as important to the witnesses as the getting to it.   In Carmel the terms of court are known to last but a day or two, while at White Plains they are protracted for weeks; and, in view of the relative time during which the enforced attendance of witnesses would probably be required at the respective circuits, there can be no doubt as to the matter of convenience, aside from the mere distance to be traveled.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.