LUTFY v. SULLIVAN.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

VENUE—CHANGE OF—CONVENIENCE OF WITNESSES.

Where plaintiff, in an action for damages for unlawful arrest, resided in the county where the action was begun, but it appeared that the cause of action arose and the witnesses resided in another county, defendant was entitled to a change of venue to the latter county.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 76.]

Appeal from Special Term, Kings County.

Action by Michael Lutfy against James L. Sullivan. From an order denying defendant's motion to change the venue, he appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Hiram C. Todd (Edgar T. Brackett, on the brief), for appellant.
Maurice M. Greenstein, for respondent.

JENKS, J. We think that the motion to change the place of trial from Kings county to Saratoga county should have been granted. The action is for damages against a member of the Business Men's Association of the village of Saratoga for laying an information which caused the unlawful arrest and the arraignment of the plaintiff for a misdemeanor. The doings of the plaintiff which induced the defendant to make the charge were in the said village, the arrest was made in that village by its authorities, and the hearing was had thereon before its police judge. The defendant names a large number of witnesses, of whom many, at least, seem to be material. All of them reside in that village. The plaintiff's attorney by his affidavit challenges the materiality of some of them, deposes that the plaintiff re-

sides in King's county, but does not name a single witness who resides in this county. Thus the charge of venue is warranted by the reasons that the cause of action arose in Saratoga county and that the convenience of the witnesses will be subserved. See Archer v. McIlravy, 86 App. Div. 512, 83 N. Y. Supp. 727, and authorities cited. In that case we quoted with approval the expression of the court in Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558:

"It has become to be recognized that, as a general rule in transitory actions, the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality."

The order is reversed, with $10 costs and disbursements, and the motion is granted, with costs. All concur.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with costs. See Lutfy v. Sullivan (decided herewith) 104 N. Y. Supp. 177.