sides in King's county, but does not name a single witness who resides in this county. Thus the charge of venue is warranted by the reasons that the cause of action arose in Saratoga county and that the convenience of the witnesses will be subserved. See Archer v. McIlravy, 86 App. Div. 512, 83 N. Y. Supp. 727, and authorities cited. In that case we quoted with approval the expression of the court in Jacobs v. Davis, 65 App. Div. 144, 72 N. Y. Supp. 558:

"It has become to be recognized that, as a general rule in transitory actions, the case should be tried in the locality where the transactions involved in the controversy took place, unless a large preponderance of the witnesses live in a different locality."

The order is reversed, with $10 costs and disbursements, and the motion is granted, with costs. All concur.

---

### LUTFY v. STARBUCK.

(Supreme Court, Appellate Division, Second Department.   May 10, 1907.)

Appeal from Special Term.

Action by Deeb Lutfy against Edgar D. Starbuck. From an order denying defendant's motion for a change of venue, he appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

PER CURIAM.  Order reversed, with $10 costs and disbursements, and motion granted, with costs.   See Lutfy v. Sullivan (decided herewith) 104 N. Y. Supp. 177.

---

### DONALDSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 10, 1907.)

DISCOVERY—EXAMINATION BEFORE TRIAL—OFFICER OF CORPORATION—AFFIDAVIT.

Code Civ. Proc. § 872, provides that, if a party sought to be examined before trial is a corporation, the affidavit must state the name of the officers or directors thereof, or any of them, whose testimony is necessary or material, or the books and papers as to the contents of which an inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers. *Held*, that an affidavit stating the name of the secretary of a corporation as the officer to be examined, and specifying the papers of the corporation of which inspection was desired, was sufficient, without a formal averment that plaintiff desired the examination of the corporation.

Appeal from Special Term, Kings County.

Action by Samuel Donaldson against the Brooklyn Heights Railroad Company. From an order denying a motion to vacate an order for the examination before trial of the secretary of defendant and for inspection of specified papers of the corporation, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

George D. Yeomans, for appellant.

Frank Harvey Field, for respondent.

GAYNOR, J. The last subdivision of section 872 of the Code of Civil Procedure provides that:

"If the party sought to be examined is a corporation, the affidavit shall state the name of the officers or directors thereof, or any of them whose testimony is necessary or material, or the books and papers as to the contents of which an inspection is desired, and the order to be made in respect thereto shall direct the examination of such persons and the production of such books and papers."

The affidavit complies with this. It states the name of the secretary, as the officer to be examined, and specifies the papers of the corporation of which inspection is desired, and the order requires such secretary to attend for examination and bring with him the said papers. It was not necessary for the affidavit to contain the mere formalism that the plaintiff desired the examination of the defendant; that appears from the affidavit; there is no way to examine the defendant except through its officers. The case of Jacobs v. Mexican Co., 112 App. Div. 657, 98 N. Y. Supp. 542, is not in the way. There a fanciful distinction was sought to be made between examining an officer of a corporation party as such officer, and examining him for the purpose of examining the corporation, which was not allowed on appeal. The courts of this judicial department always have been and are still opposed to the introduction of technical difficulties to thwart or make difficult the plain and beneficial provisions for the examination of parties and witnesses before trial. The administration of justice does not suffer by such examinations but often from the lack of them. They are a great help in the elicitation of the truth and in simplifying the issue of fact and shortening trials. · Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.