PETER DANNA, an Infant under the Age of Fourteen Years, by SALVATORE DANNA, His Guardian ad Litem, and SALVATORE DANNA, Appellants, v. STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Respondent.— In an action to recover damages for personal injuries sustained by an infant, and for expenses and loss of services by his father, judgment dismissing complaint reversed on the law and a new trial granted, costs to abide the event.᾿ We are of opinion that a railroad company may, by acquiescence in the long-continued use of its property to such an extent that a roadway or passageway exists, except as to the use of the length of the tracks themselves, obligate itself to assume the duty of exercising reasonable care to prevent injury by reason of its operation to those who traverse such roadway. (*Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 362; *Lamphear* v. *N. Y. C. & H. R. R. R. Co.*, 194 id. 172; *Skzypek* v. *Long Island Railroad Co.*, 245 App. Div. 309; 249 id. 629; affd. without opinion, 275 N. Y. 508.) Furthermore, an exception to the general rule as to lack of affirmative duty exists where an owner permits a part of his premises to be used as a public passageway and creates a dangerous condition, in the nature of a snare, in the immediate proximity of such passageway. (*Beck* v. *Carter*, 68 N. Y. 283.) The proximity of the third rail to the passageway in question, together with the other circumstances disclosed, inclusive of the tender age of the infant, presented a question of fact, at least, as to the negligence of the defendant. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

GRACE FORLENZA and JOSEPH FORLENZA, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff Grace Forlenza (then an infant) when she fell down a stairway leading to one of defendant's subway stations, owing to an alleged defective tread on one of the steps, and by the father to recover for loss of services, the jury found a verdict for plaintiffs, based on defendant's negligence and plaintiff Grace Forlenza's freedom from contributory negligence. Judgment affirmed, with costs. There is sufficient evidence, if believed, to support the verdict. Carswell, Davis and Taylor, JJ., concur; Hagarty and Adel, JJ., dissent and vote for a new trial on the ground that the verdict is against the weight of evidence.

HENNY FORTUNATO, Respondent, v. BANCO DE COLOMBIA (BANK OF COLOMBIA), Appellant.—Action for interest on bonds and for the principal amount thereof based on a breach of the obligations of the trust indenture. Order granting plaintiff's motion for summary judgment under Civil Practice rule 113 and judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. The defendant was in default within the terms of the trust indenture. The provisions respecting who should enforce the obligations owing by defendant under the instrument are not mandatory or exclusive — merely permissive. There is no provision restraining an individual bondholder from bringing an action, hence plaintiff may do so under *Hall* v. *Nassau Consumers Ice Co.* (260 N. Y. 417). Application for leave to appeal to the Court of Appeals denied; stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Carswell, Davis, Johnston, Adel and Close, JJ.