ALFRED FUNK and MAC L. HARRIS, Appellants, v. GUNNAR T. NELSON, Respondent. GUNNAR T. NELSON, Plaintiff, v. ALFRED FUNK, Defendant.— Order granting reargument, and on reargument adhering to the original determination, modified on the law and the facts by striking from the second ordering paragraph the words " the original determination is adhered to " and inserting in place thereof the following: " it is ORDERED that the said motion to consolidate the above entitled actions be and the same hereby is granted to the extent that the actions are consolidated, plaintiffs Funk and Harris to have the right to open and close and trial to be held in Kings County." As so modified, the order on reargument is affirmed, with ten dollars costs and disbursements to appellants. Respondent having failed to present any proof that the convenience of witnesses would be served by removal of the consolidated causes to Chenango county for trial, the action should be tried in Kings county, in which county the action was brought by appellants prior to the time of the commencement of respondent's action. (*Lee* v. *Schmeltzer*, 229 App. Div. 206.) The appeal from the original order, as to which reargument was granted, is dismissed, without costs, as no appeal lies therefrom. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

SARAH FUSCO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Defendant in an action on an industrial policy of life insurance appeals from a judgment in favor of the plaintiff, entered on the verdict of a jury. Judgment of the City Court of Yonkers reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. By stipulation of the parties the only issue tried and submitted to the jury was whether defendant had waived the right to declare the policy void under one of its provisions. Plaintiff's evidence, intended to show a waiver, was insufficient to take the case to the jury on that issue. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

MAX GRAFF, Respondent, v. ABRAM REALTY CORPORATION, Appellant.— Action to recover damages for personal injuries suffered as a consequence of plaintiff being struck on the head by a bathroom water tank falling upon him in an apartment in defendant's building. The evidence established that the defendant had made negligent repairs to the water tank or box. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.