ROSE KARPEL, Plaintiff, v. ALFRED S. ROBERTS, Appellant. HAZEL A. FRANCISCO et al., Respondents, v. ALFRED S. ROBERTS, Appellant, et al., Defendants.— Appeal from so much of an order consolidating actions as transfers the consolidated action from Queens County to Kings County. Order modified on the law and the facts by striking therefrom the provisions transferring the action to Kings County and inserting in place thereof a provision directing the trial of the consolidated action to be had in Queens County. As thus modified, the order, insofar as appealed from, is affirmed, without costs. Transferring the trial of the action to Kings County was an improvident exercise of discretion in view of the calendar conditions in the respective counties and the fact that the Queens County action was first begun. (Funk v. Nelson, 264 App. Div. 876; Gibbs v. Sokol, 216 App. Div. 260; 3 Carmody on New York Pleading and Practice, § 859, p. 1638.) Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

Plaintiff's intestate — seven years old — and a friend, Maglin, each with a bicycle, had proceeded westerly on defendant's right-of-way alongside the southerly rail. When they reached a point about 120 feet west of St. Paul's Road, both boys crossed from the south to the north side of the right of way. Maglin crossed both rails and the third and feeder rails in safety, but as plaintiff's intestate was attempting to get across the third or feeder rails — which were on the north side — his bicycle touched one of them, there was a flash, and he was killed. In this action for wrongful death, the court held that plaintiff's intestate was a trespasser, and dismissed the complaint at the close of plaintiff's case; and plaintiff appeals. Order dismissing the complaint at the close of plaintiff's case, and the judgment entered thereon, affirmed, with costs. Assuming that there was a path on each side of the track, running along the right of way, and that defendant allowed the public to use the paths, plaintiff's intestate was not injured while passing along either path, as was the situation in *Danna* v. *Staten Island Rapid Transit Ry. Co.* (252 App. Div. 776, affd. 277 N. Y. 714), but while crossing the track and third and feeder rails, where there was no beaten or worn path. (*Donnelly* v. *Long Island R. R. Co.*, 252 App. Div. 857.) Nor was there any other evidence to show that the defendant knew or should have known that children or other persons crossed the tracks at or near the place where plaintiff's intestate crossed. Johnston, Adel and Wenzel, JJ., concur; Sneed, J., dissents and votes to reverse the order and judgment and to grant a new trial, with the following memorandum, in which Carswell, J., concurs: Although intestate, a boy seven years and three months old, may technically have been a trespasser when he crossed from the common path on one side of the unfenced railroad to the common path on the other side, that did not absolve the defendant, which was conducting a death-bearing current of electricity in its covered but unboxed third rail and feeder rail close to the ground, from taking every reasonable precaution to prevent injury to those who, within its knowledge, were traversing the paths. It cannot be said as a matter of law that the defendant was free from actionable negligence. The question whether the accident was one which should, in reasonable prudence, have been foreseen by defendant is a question of fact. There was some proof from which it might be inferred that the boxing-in of the third rail was insufficient and negligent; that the boxing was not as complete as on other branches of the railroad, even though there was no direct proof that on other railroads there was in use a more adequate boxing-in construction furnishing complete protection in such an episode as here occurred. (*Ferrari* v. *New York Central Railroad Co.*, 224 App. Div. 182, affd. 250 N. Y. 527; *Burrows* v. *Livingston-Niagara Power Co.*, 217 App. Div. 206, 208, affd. 244 N. Y. 548; *Bennett* v. *New York & Q. Elec. L. & P. Co.*, 294 N. Y. 334; *Morrison* v. *New York Telephone Co.*, 277 N. Y. 444; *Keith* v. *Payne*, 164 App. Div. 642, 171 App. Div. 882, affd. 218 N. Y. 674; *Danna* v. *Staten Island Rapid Transit Co.*, 252 App. Div. 776.)