■ EFCO PRODUCTS, INC., Appellant, v. LONG ISLAND BAKING, INC., Respondent. (Action No. 1.) LONG ISLAND BAKING, INC., Respondent, v. EFCO PRODUCTS, INC., Appellant. (Action No. 2) — Appeal by Efco Products, Inc., plaintiff in Action No. 1 and defendant in Action No. 2, from an order of the Supreme Court, Queens County, granting the motion of Long Island Baking Co., Inc., as plaintiff in Action No. 2, to consolidate Action No. 1, pending in the Supreme Court, Dutchess County, with Action No. 2, pending in the Supreme Court, Queens County, and to fix the venue of the consolidated action in Queens County, with the right to open and close as plaintiff therein in the said Long Island Baking Co., Inc., and denying the cross motion of Efco Products, Inc., to consolidate Action No. 2 with Action No. 1 and to fix the venue of such consolidated action in Dutchess County. Order modified by striking therefrom the first five ordering paragraphs, and by substituting therefor provisions denying respondent's motion and granting appellant's cross motion to consolidate Action No. 2 with Action No. 1, directing that the trial of such consolidated action be had in Dutchess County with the right to open and close in appellant, and directing the Clerk of the County of Queens, upon the payment of appropriate fees, to transfer the papers on file in his office in connection with Action No. 2 to the Clerk of the County of Dutchess. As so modified, order affirmed, with $10 costs and disbursements to appellant. Action No. 1 is for goods sold and delivered by appellant. Action No. 2 is to recover damages for breach of warranty incurred by respondent as a consequence of the alleged defective quality of such goods. Action No. 1 was commenced by the service of process on September 9, 1957. Action No. 2 was commenced by the service of process on September 11, 1957. While the parties agreed that consolidation of the two actions is desirable, the learned Special Term should have followed the general rule that venue in the consolidation of separate actions, begun in different counties, between the same parties upon related transactions, is to be fixed in the county wherein

jurisdiction was first invoked (*Bril* v. *Storm*, 275 App. Div. 954; *Quality Fruit Wines Corp.* v. *Singer*, 267 App. Div. 834; *Funk* v. *Nelson*, 264 App. Div. 876). Under the conflicting and unresolved versions advanced by the parties as to the place where the several contracts of sale of the goods here involved were made, there was no basis for holding that all of the transactions originated in the county of Queens. There was also no basis for considering the convenience of witnesses since the sole witness mentioned in respondent's moving papers is a chemist, the substance of whose testimony was only stated in generalities (*Cross & Brown Co.* v. *Cimbar Corp.*, 275 App. Div. 680; *Bernstein* v. *McKane*, 3 A D 2d 764). In any event, the convenience of expert witnesses is not a persuasive factor to be considered in change of venue (*Seafir* v. *Shutts*, 190 App. Div. 518; *Cramer* v. *Cohn*, 257 App. Div. 1098; *Bushnell* v. *Reay*, 276 App. Div. 813). While the county wherein the calendar is least congested is a factor to be weighed (*Karpel* v. *Roberts*, 273 App. Div. 896), where, as in the instant case, the proof is balanced as to the location where a speedier trial may be expected, a rural county where calendars generally are not congested is to be preferred to an urban county where conditions usually are otherwise (*Bernstein* v. *McKane*, *supra*). Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ, concur.