Mario Pittoni, J.
Motion for a change of venue denied.
Aside from the fact that a motion under rule 146 of the Rules of Civil Practice, should he made either in the county named in the summons (Suffolk County), or in the county (New York County), which the defendant claims is the county wherein the parties reside (McDermott v. McDermott, 267 App. Div. 171, 173), the motion must be denied, for it does not clearly appear that the plaintiff is not a resident of Suffolk County or that a change of venue is necessary for the convenience of witnesses. To the contrary, it appears that the plaintiff maintains a home in Suffolk County which he considers his permanent home even though he also maintains an apartment in New York County. Section 182 of the Civil Practice Act provides in part “ A party having or maintaining a residence in more than one county shall be deemed a resident of either county.” A similar set of facts was contained in Cullon v. Simmonds, but the late Mr. Justice Stoddart held (N. Y. L. J., Oct. 29, 1954, p. 12, col. 5, affd. 285 App. Div. 970) that the plaintiff who had both a Suffolk County and a New York County residence could maintain the action in Suffolk County although it appeared (1) that the Suffolk County residence was not in constant use, (2) that the numerous business transactions involved therein occurred in New York City, and (3) many witnesses had offices in New York City. Here, too, the testimony to be given by the proposed witnesses is not stated, nor do any of the witnesses, other than the defendants, with the exception of one, reside in New York County. Two of the alleged witnesses reside in Westchester County and another resides in Nassau County. The Suffolk County Courthouse is not too distant to render it inconvenient for them to appear when the cause is reached for trial. In addition, the convenience of witnesses who are parties, or attorneys for the parties, is not ordinarily considered.