■ MARTIN H. BURDEN, an Infant, by WILLIAM J. BURDEN, His Guardian ad Litem, et al., Respondents, v. CADILLAC DEVELOPERS MASSAPEQUA CORP., et al., Appellants, et al., Defendants.— In a negligence action by the infant plaintiff to recover damages for personal injury and by the infant's father to recover damages for loss of services and medical expenses, defendants Cadillac Developers Massapequa Corp., Fleetwood Developers, Inc., and Schildknecht Lumber Co., Inc., appeal from a judgment of the Supreme Court, Nassau County, entered June 25, 1962, on the opinion and decision of the court, after a nonjury trial, in plaintiffs' favor and against said defendants. Prior to the trial, the action was discontinued as to defendant Argo-Schildknecht Lumber Corporation and defendant Cadillac's cross complaint against that defendant was dismissed. On appeal by defendants Cadillac Developers Massapequa Corp. and Fleetwood Developers, Inc., judgment affirmed, without costs. On appeal by defendant Schildknecht Lumber Co., Inc., judgment, insofar as it is against that defendant, reversed on the law and the facts, without costs, and amended complaint dismissed as to it. The infant plaintiff fell and sustained serious injuries when a pile of lumber, on which he had been standing, collapsed. There was ample proof to sustain the findings of the trial court that the lumber had been left in an unsteady pile across a path on a road which the public had been accustomed to use; that the lumber had been delivered for use in the construction of homes by Fleetwood for Cadillac; and that it had been delivered a sufficient time before the accident for those defendants "to become aware of the situation". Under the circumstances presented, we are of the opinion that, even if it be assumed that the road and path were on Cadillac's property, Cadillac and Fleetwood violated their duty to keep that portion of the land reasonably safe for travelers (cf. Beck v. Carter, 68 N. Y. 283, 292, 293, 294; Boylhart v. Di Marco & Reimann, 270 N. Y. 217, 221–222; Ramsey v. National Contr. Co., 49 App. Div. 11, 14–15; Danna v. Staten Is. R. T. Ry Co., 252 App. Div. 776, affd. 277 N. Y. 714; 2 Harper and James, Law of Torts, § 27.4, p. 1445). However, we are also of the view that the evidence was insufficient to establish that the lumber was delivered by defendant Schildknecht Lumber Co., Inc., to the scene of the accident as alleged by plaintiffs. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.