■ PAUL L. VAN ARTS DALEN, Respondent, v. SUNNY ROSENBERG, Respondent. (Action No. 1.) SUNNY ROSENBERG et al., Appellants, v. FRANCES T. HUNTER et al., Respondents. (Action No. 2.) — In two negligence actions, one brought in the Supreme Court, Suffolk County (Action No. 1), and the other in the Supreme Court, New York County (Action No. 2), plaintiffs in Action No. 2 appeal from an order of the Supreme Court, Suffolk County, entered March 3, 1966, which granted the motion of defendants in Action No. 2 to consolidate the actions, with trial to be held in Suffolk County. Appellants, in their brief, have not challenged the propriety of consolidation. Order modified: (1) by striking therefrom its second, third, fifth and seventh decretal paragraphs and (2) by substituting therefor the following provisions: (a) that Action No. 1 be removed and consolidated with Action No. 2; (b) that the title of the consolidated actions be amended accordingly; (c) that the trial of the consolidated actions be had in New York County under the calendar and index numbers previously assigned to Action No. 2; and (d) that the Clerk of Suffolk County transfer all papers on file with him in the Suffolk County action to the Clerk of New York County. As so modified, order affirmed, with $10 costs and disbursements to appellants, payable jointly by plaintiff in Action No. 1 and defendants in Action No. 2. The accident out of which these actions arose occurred in Suffolk County, the injured parties received their initial hospital and medical treatment there and the action brought there (Action No. 1) is ready for trial. These circumstances favor trial of the consolidated actions in Suffolk County (*Engel* v. *Glick,* 14 A D 2d 815). On the other hand, the New York County action (Action No. 2) was commenced and noticed for trial prior to commencement of the Suffolk County action; the great majority of the more than 15 doctors named by plaintiffs in the New York County action as probable witnesses are located in New York City, whereas plaintiff in the Suffolk County action, Dalen, has not given the name of any witness (medical or otherwise) who will be called by him to testify; all the parties but one, Dalen, reside in New York County, and there is a delay of approximately 51 months in obtaining a jury trial in tort actions in Suffolk County whereas there is a delay of only 18 months in New York County. In our opinion, the latter considerations, which are in favor of holding the trial in New York County, far outweigh those in favor of having it in Suffolk County (*Mallack* v. *White Mountain Laundry,* 12 A D 2d 503; *Efco Prods.* v. *Long Is. Baking,* 6 A D 2d 832; *Laduke* v. *Bond,* 284 App. Div. 859; *Karpel* v. *Roberts,* 273 App. Div. 896). In the circumstances, it was an improvident exercise of discretion to remove the New York County action to Suffolk County. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.