Henry W. Lengyel, J.
The claimants herein, on their attorneys’ affidavit, bring this motion to change the venue for the trial of the within appropriation claim from the Watertown Calendar to the Albany Calendar of the Court of Claims. The claim herein was filed on September 28, 1967, for an appropriation of claimants’ land located in Essex County. Said county is in the Watertown District of the Court of Claims as established on May 11, 1966.
The motion herein was made on the grounds of convenience of witnesses and that the ends of justice would be promoted. Claimants’ attorneys’ affidavit does not establish either of said grounds.
The fact that claimants’ attorneys have their office in Warren County and that the Assistant Attorney-General, in charge of the defense of this claim, is based in the City of Albany, certainly does not establish grounds for granting a change of venue. (Garfield v. Lowy, 22 Misc 2d 110, 111.) The fact that the State’s expert appraisal witness resides and has his office in Albany County and the claimants’ expert appraisal witness resides and has his office in Warren County does not establish grounds for granting a change of venue. (See Delair v. Southworth Tractor & Mach. Co., 142 N. Y. S. 2d 449, 450.) As stated in Efco Prods. v. Long Is. Baking (6 A D 2d 832, 833): “ In any event, the convenience of expert witnesses is not a persuasive factor to be considered in change of venue (Seafir v. Shutts, 190 App. Div. 518; Cramer v. Cohn, 257 App. Div. 1098; Bushnell v. Reay, 276 App. Div. 813). While the county wherein the calendar is least congested is a factor to be weighed (Karpel v. Roberts, 273 App. Div. 896) ”. We note that as of May 20, 1968, there were approximately 261 claims on the Albany Calendar and 110 claims on the Watertown Calendar. The claim herein presently occupies position 56 on the Watertown Calendar. If transferred to the Albany Calendar, no grounds for preference being shown, it would take its place at the end of said calendar. In the normal course of events this claim should receive an earlier trial in Watertown. (See Padilla v. Greyhound Lines, 29 A D 2d 495.)
*935 The attorneys’ affidavit in support of the motion was, among other things, defective in that it did not name the witnesses who allegedly reside in the Town of Schroon, Essex County, New York; nor, did it state the substance or materiality of the testimony to be elicited from said witnesses. (See Nardone v. McQueeney, 25 A D 2d 900, 901; Goldman v. Weisman, 23 A D 2d 634, 635; Feiden v. State of New York, 5 A D 2d 926.)
Granted, provisions of the CPLR concerning change of venue in the Supreme Court are applicable to the Court of Claims. (See Feiden v. State of New York, supra; Richards v. State of New York, 281 App. Div. 947; Joseph Davis, Inc. v. State of New York, 204 Misc. 1050.) However, we believe that, because of the size of this court and the nine districts which have been established (Court of Claims Act, rule 2), changes of venue in the Court of Claims should only be granted for overriding and substantial reasons. If they are to be granted solely for geographic proximity, which essentially is the basis for this motion, severe problems could arise in the efficient administration of the court. Motion denied.