(55 App. Div. 140.)

### SCHOONMAKER et al. v. HILLIARD.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

1. CHANGE OF VENUE—CONVENIENCE OF WITNESSES.
   The convenience of witnesses, to authorize change of venue on that ground, is that of witnesses residing in the county to which it is proposed to change.

2. APPEAL—STAY OF PROCEEDINGS.
   Refusal of stay of proceedings pending appeal from denial of change of venue is proper, the record before the court clearly indicating that the appeal will be insufficient.

3. PLEADING—AMENDMENT.
   Where the complaint alleges a certain sum due for freight in carrying from E. to B. at the contract price of 19 cents per ton, and on the trial it appears that the contract price was 15 cents per ton to E., and that it was worth 4 cents more per ton to carry to B., it is proper to allow amendment of the complaint to make this proof.

4. APPEAL—RECORD.
   Any error in overruling motion to dismiss the complaint because not stating sufficient facts, or in allowing amendment of the complaint to conform to the proof, cannot be reviewed on appeal, the appeal book containing no "case" signed by the trial judge and ordered filed, as required by Code Civ. Proc. § 997.

Appeal from trial term.

Action by John D. Schoonmaker and another against John G. Hilliard. From an order denying motion for change of venue, also from an order denying motion for stay, and from a judgment on a verdict for plaintiffs, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

F. J. Moissen, for appellant.
Amos Van Etten, for respondents.

PARKER, P. J.  This action was brought by the plaintiffs, who reside in Kingston, Ulster county, to recover against the defendant, who resides in Pennsylvania, for services claimed to have been rendered by them under a contract to transport shale in their scows from Edgewater, on the Hudson, to Bayonne, and to various points in and about the Bay of New York.  The answer was a general denial.  The venue is laid in Ulster county, and a motion was made by the defendant to change it to the county of New York or Kings on the ground of the convenience of witnesses.  The special term, by an order entered March 10, 1900, denied such motion, and an appeal was taken therefrom to this court.  The case having been noticed for trial at the trial term to be held in Ulster county on April 2, 1900, a motion was made upon an order to show cause at that term for a stay of proceedings until the determination of that appeal.  Such motion was denied, and the cause proceeded to trial at that term.  Upon such trial a verdict was rendered for the plaintiffs.  From the judgment entered thereon, and from the order denying the motion to stay proceedings, an appeal was also taken to this court.  Both appeals were brought to a hearing and argued together.

As to the appeal from the order denying the motion to change the venue, I conclude that it must be affirmed.  It is true that the contract was made in the county of New York, and all the services performed under it were rendered in and about that county.  Nevertheless the plaintiffs had the right to insist that the trial be had in the county where they reside, unless it shall be made to appear that the convenience of witnesses requires a change to another county.  And in determining whether a change shall be made on that account it is well settled that witnesses not residing in the county to which it is proposed to change should not be considered.  In his affidavit used on this motion the defendant does not show that the convenience of witnesses requires a change.  He names five corporations which he swears have their offices in New York City.  Manifestly, the corporation is not the witness who is to be sworn.  Some officer of such company, acquainted with the fact referred to, is the witness intended.  But who that officer is, or where he resides, is not stated.  No witness is claimed to reside either in New York or Kings county, save one, the witness Crimmins.  Opposed to this it appears by the affidavit of the plaintiffs that both reside in the county of Ulster; that the home port of the boats used by them in transporting the shale was in that county, and that all the employés thereon reside either in said county or at points on the river between Kingston and Albany; that there were from one to five employés on each boat, and that there were about ten boats used in such transportation.  It is further stated that such employés were necessary and material witnesses to prove the amount of each cargo.  It is true the names of such witnesses are not given, nor how many of them reside in the county of Ulster.  The affidavits on each side are singularly deficient in those statements which the practice requires; but from such facts as do appear from them, taken all together, the judge before whom the

motion was made was clearly justified in concluding that the convenience of witnesses would not be promoted by the change applied for. Such matters are largely in the direction of the judge at special term, and I am of the opinion that this is not a case where we should interfere with it.

As to the appeal from the order refusing to stay the trial, I am of the opinion that it was correct, in view of the fact that the record before the court so clearly indicated that such appeal would be insufficient, and that the plaintiffs were entitled to have the case tried in the county where they resided.

On the appeal from the judgment we are asked to reverse upon two exceptions claimed to have been taken upon the trial,—one to the court's refusal to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and was too indefinite. This refusal was no error. The complaint was sufficient to go to trial upon. The other exception is to an amendment of the complaint, which the court allowed upon the trial. The complaint claims a certain sum due for freight in carrying shale from Edgewater to Bayonne, in Newark Bay, at the contract price of 19 cents per ton. On the trial it appeared that the contract price was 15 cents per ton to any point in New York Bay, and that it was worth 4 cents more per ton to carry around into Newark Bay. The plaintiffs were allowed to amend their complaint so as to make this proof. I am inclined to think that it was within the power of the trial court to allow such an amendment upon such terms as justice required. But, if both rulings were reversible error, we cannot review this judgment on that account, because the appeal book does not contain any "case" signed by the trial judge and ordered filed. It does purport to contain the evidence taken upon the trial, but it does not appear that such evidence has ever been settled and signed by the judge, as is required by section 997 of the Code. We have, therefore, no authenticated record before us of the proceedings upon the trial, and hence cannot examine the exceptions relied upon.

I conclude, therefore, that the orders and judgment appealed from must be affirmed.

Judgment and order appealed from affirmed, with costs. All concur.