HYMAN SEAFIR, Respondent, v. FLOYD J. SHUTTS, Appellant.

First Department, January 9, 1920.

**Trial — venue — when change of place of trial to county where cause of action arose will not be denied for convenience of witnesses.**

A motion by the defendant to change the place of trial to the county where the cause of action arose should not be denied on the ground of convenience of witnesses, where it appears that the defendant expects to call seventeen witnesses, nine of whom reside in said county and the others in an adjoining county, and that nine of the eighteen witnesses whom the plaintiff expects to call are experts and four of the remaining witnesses named are firms or corporations. The convenience of experts is not permitted to outweigh that of witnesses to the facts, and firms or corporations cannot be witnesses.

APPEAL by the defendant, Floyd J. Shutts, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of October, 1919, granting plaintiff's motion for reargument and upon such reargument rescinding a decision before rendered and denying defendant's motion for a change of venue.

*Edward S. Coons*, for the appellant.

*David·Goldstein* of counsel [*Goldstein & Goldstein*, attorneys], for the respondent.

PER CURIAM:

The justice at Special Term granted the motion for a change of venue, but on a reargument changed his decision and denied the motion. In our opinion, his first decision was right. While the plaintiff states that he expects to call eighteen witnesses, nine of these are experts who would give opinion evidence. Such a number of experts are not necessary, and it is doubtful if the court would permit that number to testify. The convenience of experts is not permitted to outweigh that of witnesses to the facts. Four of the remaining witnesses named are firms or corporations, and their places of business are given as their addresses. Of course, the copartnerships or corporations, as such, could not be witnesses. Some member of the firm or

officer or employee who had personal knowledge would have to testify. Therefore, plaintiff only shows five material witnesses who would be convenienced by a trial in New York county.

The contract upon which the action is predicated is alleged to have been made in Montgomery county. The goods were manufactured and delivery was made there. The convenience of witnesses to a greater degree will be subserved and the ends of justice promoted by a change of the place of trial to Montgomery county.

The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE and PHILBIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion to change place of trial to Montgomery county granted, with ten dollars costs.