MARY L. E. JOHNSON, Respondent, *v.* EUGENE B. MILLARD and
J. EDWIN RICE, Appellants.

Fourth Department, March 31, 1922.

**Trial — place of trial — action for cutting timber on land in Lewis county
— change of venue to Oneida county for convenience of witnesses not
allowed — motion papers insufficient.**

A motion to change the place of trial from Lewis county to Oneida county,
upon the ground of convenience of witnesses, should be denied where it
appears that the action was brought for unlawfully cutting timber on lands in
Lewis county; that plaintiff resides in Oneida county and brought the action
there originally, but that the venue was changed to Lewis county upon the
ground that it was the proper county; that defendants have six witnesses who
reside in Lewis county; that plaintiff has ten witnesses who reside in Oneida
county and six who reside in Lewis county nearer to the county seat of Oneida
county than to the county seat of Lewis county; that one of plaintiff's witnesses
is her husband who was not considered on the decision of the motion; and that
there is nothing to indicate that eight of plaintiff's witnesses as to the value
of the timber cut, who reside in Oneida county, will testify that such value
was more than the amount admitted in the answer.

The plaintiff's witnesses residing in Lewis county cannot be considered upon such
a motion.

APPEAL by the defendants, Eugene B. Millard and another,
from an order of the Supreme Court, made at the Oneida Special
Term and entered in the office of the clerk of the county of Lewis
on the 18th day of March, 1922, granting plaintiff's motion to change
the place of trial from the county of Lewis to the county of Oneida.

*Kilby & Norris [Charles E. Norris* with him on the brief], for
the appellants.

*W. J. B. Williams,* for the respondent.

PER CURIAM:

This is an action brought to recover damages for unlawfully
cutting timber on land situate in Lewis county. The plaintiff
resides in Oneida county and brought the action in that county.
The place of trial was changed to Lewis county upon the motion
of the defendants upon the ground that such was the proper county
under the Code of Civil Procedure, section 982. (See *Johnson* v.
*Millard,* 199 App. Div. 73.) Thereafter the plaintiff moved to
change the place of trial to Oneida county for the convenience
of witnesses. The motion was granted and this appeal is from
the order granting the motion.

The affidavits filed by the defendants state that the defendants
have six material and necessary witnesses who reside in Lewis
county. The affidavit filed on behalf of the plaintiff recites that
she has ten material and necessary witnesses who reside in Oneida

county and six who reside in Lewis county nearer to the county seat of Oneida county than to the county seat of Lewis county. The plaintiff's witnesses residing in Lewis county cannot be considered upon this motion. (*Schoonmaker* v. *Hilliard*, 55 App. Div. 140.)

One of the witnesses named by the plaintiff is her husband, an agent who has had charge of the land in question. The memorandum filed at Special Term indicates that said witness was not considered on the decision of the motion. The affidavit filed on behalf of the plaintiff names four witnesses who reside in Oneida county and who, it states, know the land in question and the value of the timber. It is not stated what value those witnesses will place upon the timber which was cut. Two proposed witnesses who reside in Oneida county are said to be acquainted with the value of the timber but it is not stated that they know the premises in question. The affidavits do not state what value any of said witnesses, if called to testify, will place upon the timber in question. The answer admits that certain timber was cut over the line by mistake and states that its value was not to exceed $500. From all that appears from the affidavits filed in behalf of the plaintiff said witnesses will not testify, if called, that the value of the timber cut was more than that amount. Very likely some of the other witnesses named by the plaintiff are not material and necessary and some of the witnesses named by the defendants may not be necessary or very material.

In view of the fact that this is an action relating to real property located in Lewis county and the cause of action arose in that county we think the motion papers were insufficient to justify the order changing the place of trial.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.