CHARLES RUBIN and Another, Respondents, v. JACOB JOSEPH, Appellant.— Judgment reversed upon the law and a new trial granted, with costs to abide the event. Plaintiffs, upon the trial, relied entirely upon the interlocutory judgment in the annulment suit to prove the physical incapacity of the defendant. The final judgment had in fact not then been entered, and the interlocutory judgment was not *res adjudicata* against the defendant upon this question. (*Brown v. Cleveland Trust Co.*, 233 N. Y. 399, 405; *Petit v. Petit*, 45 Misc. 155.) Kelly, P. J., Jaycox and Young, JJ., concur; Kelby, J., dissents and votes to dismiss the complaint, upon the ground that the marriage was not void *ab initio*, but voidable only at the election of the wife, and that the decree of annulment simply declared the marriage void from the date of the decree, with whom Kapper, J., concurs.

S. W. BRIDGES & Co., INC., Respondent, v. DAVID WELSCH, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. · Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

RAYMOND VILADESAU and Another, as Administrators, etc., of CATHERINE A. VILADESAU, Deceased, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ.

MAKS WEISS, Respondent, v. S. A. SINGER & Co., Defendant, and L. S. SILVERSTEIN Co., INC., Appellant.— Order denying motion to vacate judgment and for a new trial upon the ground of newly-discovered evidence unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

---

## FOURTH DEPARTMENT, DECEMBER, 1924.

CORA H. PARKILL, Respondent, v. NEW ENGLAND FURNITURE AND CARPET COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide event. Held, that the convenience of witnesses who are employees of one party and the convenience of witnesses who are members of the immediate family of the other party, while not necessarily to be entirely disregarded, are usually in effect the same as the convenience of the parties themselves. It is so here. Eliminating the witnesses in those classes, there is no such preponderance for plaintiff as to lead to disregard of the general rule that transitory actions should be tried in the locality where the transactions involved took place. Extraneous facts, irrelevant and inadmissible on the trial, which make an appeal merely to the sympathies of the court, may not ordinarily be considered in arriving at the ends of justice on a motion to change the venue unless a complete denial of justice would follow. The hardship which has frequently existed in such situations as the one here has been materially alleviated by the extension of the right to take depositions under the provisions of the Civil Practice Act. All concur, except Davis, J., who dissents and votes for affirmance. Present — Hubbs, P. J., Clark, Davis, Sears and Crouch, JJ.