LEONARD SLAVIN, an Infant, by His Guardian ad Litem NATHAN SLAVIN, et al., Respondents, *v.* NEWTON WHISPELL, Appellant.

First Department, March 20, 1958.

*Joseph A. Doran* of counsel (*John E. Morris* and *Louis M. Schachter* with him on the brief; *McGinnis, Lyons & Lewis,* attorneys), for appellant.

*Benjamin Eigg* of counsel (*Gustave G. Rosenberg* and *Lawrence M. Rosenberg,* attorneys), for respondents.

McNALLY, J.  In this personal injury action, defendant appeals from an order denying his application for a change of venue from Bronx County to Sullivan County.  The action arises out of an accident which occurred in Woodbourne, Sullivan County, in which the infant plaintiff was struck by an automobile owned and operated by the defendant, a resident of Ulster County. The instant action was instituted in Bronx County where the plaintiffs reside.  After the commencement of the action, pursuant to section 187 of the Civil Practice Act, defendant moved to change the venue thereof to Sullivan County, where the occurrence took place, on the ground that the convenience of witnesses and the ends of justice will be promoted by the change.

Both parties set forth witnesses whose convenience they allege should be served by the venue of the action.  Defendant lists 10 witnesses, 7 of whom reside in Sullivan County and 3 of whom reside in Ulster County, and contends that it would be most inconvenient and difficult to require these witnesses to appear in Bronx County for a trial.  On the other hand, plaintiffs also set forth the names of 10 witnesses residing in the various counties within the city of New York and contend that these witnesses would seriously be inconvenienced by the requested change of venue.

, The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the

cause of action arose. (*Bernstein* v. *McKane,* 3 A D 2d 764; *Mencke* v. *Goldberg,* 208 App. Div. 820; *Van Alstine* v. *Burt,* 151 App. Div. 81; *Fluckiger* v. *Haber,* 144 App. Div. 65; *Spanedda* v. *Murphy,* 144 App. Div. 58; *Harrison* v. *Holahan,* 122 App. Div. 740; *Lutfy* v. *Sullivan,* 119 App. Div. 506; *Jacobs* v. *Davis,* 65 App. Div. 144.)

If a large preponderance of witnesses reside in a different locality, then a venue other than that wherein the cause of action arose may be indicated. (*Jacobs* v. *Davis, supra.*) Through the testimony of his witnesses, defendant expects to develop facts to show that the infant plaintiff ran from behind a motor vehicle, from a point other than an intersection, into the path of the defendant's automobile; that defendant promptly applied his brakes; the speed of defendant's automobile; the prevailing traffic conditions; and the relative positions of the defendant's car and the body of the infant plaintiff immediately following the occurrence.

Of the plaintiffs' witnesses, two are the parents of the infant plaintiff, four will testify to hearing the screeching of brakes and the position of the infant plaintiff after the occurrence, and the remaining four are medical witnesses.

In the absence of other compelling circumstances, the witnesses whose convenience is required to be considered on an application for change of venue grounded thereon are those other than the parties, their employees, and members of their families. (*Wilson* v. *Winco Estates,* 266 App. Div. 795; *Parkill* v. *New England Furniture & Carpet Co.,* 211 App. Div. 871; *Seafir* v. *Shutts,* 190 App. Div. 518.) The elimination of the parties and members of their families leaves 9 witnesses for the defendant and 8 witnesses for the plaintiffs.

We note that the convenience of witnesses residing outside Bronx and Sullivan Counties should not be considered on this application to change the venue from Bronx to Sullivan County. (*Sanders* v. *Prescott,* 234 App. Div. 899; *Schoonmaker* v. *Hilliard,* 55 App. Div. 140.) Within that category are two of defendant's witnesses who reside in Ulster County, which adjoins Sullivan County. Nor are we required to give effect to the convenience of the experts to be called by the plaintiffs, Dr. Gottlieb, who examined but did not treat the infant plaintiff, and Dr. Ratner, who will testify as to X-ray findings. (*Van Alstine* v. *Burt,* 151 App. Div. 81, *supra.*) The elimination of the witnesses of the defendant not resident in Sullivan County and of the expert witnesses of the plaintiffs leaves 7 witnesses for the defendant residing in Sullivan County and 6 witnesses for the plaintiff residing in the various counties within

the city of New York of whom only 2 reside in Bronx County. Of course, the factor of number of witnesses is not conclusive and in the discretion of the court may be disregarded where other considerations outweigh. If we were to decide this motion solely on the number of witnesses, then plaintiffs' failure to establish a preponderance of witnesses whose convenience should be served by the present venue rather than Sullivan County, wherein this cause of action arose, would require a change of venue to the latter county, other things being equal, under the authorities cited.

There are additional considerations, however, favoring Sullivan County as the appropriate venue on the facts and circumstances herein. The infant plaintiff was confined in and treated at Maimonides Hospital in Sullivan County and reference to and use of its records will be facilitated if the trial is in said county. (*Van Alstine* v. *Burt, supra.*) Two of the defendant's witnesses are law enforcement officials and we are entitled to consider their convenience. (*Stevens* v. *Bancroft,* 275 App. Div. 864.)

A speedy trial can be had in Sullivan County some 24 months earlier than a trial in Bronx County. The Third Annual Report of the Judicial Conference of the State of New York (1958, pp. 57–58) shows Bronx County to be 33 months behind in the trial of causes; Sullivan County, according to the same report, is only 9 months behind. The ends of justice are always promoted by the speedy trial of an action. (*Mills* v. *Sparrow,* 131 App. Div. 241.) This doctrine was affirmed recently in *Commercial State Bank & Trust Co. of N. Y.* v. *Ritz* (4 A D 2d 674, 675) where the court said: " When a discretionary motion for a change of venue is involved, a rural county, where calendars are not congested, is to be preferred to an urban one where conditions are otherwise (*Bernstein* v. *McKane,* 3 A D 2d 764; *Taller & Cooper* v. *Rand,* 286 App. Div. 1096; *Assets Collecting Co.* v. *Equitable Trust Co.,* 168 App. Div. 145)." A speedy trial also operates to the convenience of witnesses. (*Archer* v. *McIlravy,* 86 App. Div. 512, 514. )

Two other considerations advanced by the plaintiffs remain. Plaintiffs oppose a change in the place of trial because of the alleged strain of distant travel and the rigors of trial in unfamiliar surroundings likely to prove inimical to the infant plaintiff's health and recovery. Modern means of transportation have reduced to a minimum the hardships and strain of travel. The required travel of witnesses incident to a trial in Sullivan County is not of such magnitude as to suggest danger to health. In any event, the plaintiffs do not support, by medical

affidavits from any of their doctors, the claim that the infant plaintiff will suffer any injurious consequence by removal of the trial to Sullivan County. We have only the statement of his father to this effect. (Cf. *Foley* v. *Phelps,* 257 App. Div. 896.)

With regard to plaintiffs' plea of financial hardship, it is not supported by the record beyond a bald statement by the father that his finances are quite limited and that provision for transportation and maintenance of witnesses in Sullivan County would be beyond his means. The holding in *Parkill* v. *New England Furniture & Carpet Co.* (211 App. Div. 871, *supra*) is quite in point: '' Extraneous facts, irrelevant and inadmissible on the trial, which make an appeal merely to the sympathies of the court, may not ordinarily be considered in arriving at the ends of justice on a motion to change the venue unless a complete denial of justice would follow.'' There is no such showing here.

In the circumstances, we hold it to have been an improper exercise of discretion to deny the motion for a change of venue in this transitory action. The order should be reversed in the exercise of discretion and the motion to change the venue from Bronx County to Sullivan County granted, without costs.

RABIN, J. P., FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed and the motion granted, without costs.