LESTER HAHN, Appellant, *v.* KEITH UNVERDORBEN et al., Respondents.

NORMAN L. HAHN et al., as Administrators of the Estate of RUTH E. HAHN, Deceased, Appellants, *v.* KEITH UNVERDORBEN et al., Respondents.

KEITH UNVERDORBEN, Plaintiff, *v.* LESTER HAHN, Defendant.

ELLSWORTH SANDS, Plaintiff, *v.* LESTER HAHN, Defendant.

Third Department, August 13, 1959.

*MacFarlane, Harris, Martin, Kendall & Dutcher (Delon F. Mousaw* and *Donald C. Summers* of counsel), for appellants.

*Sayles, Evans, Brayton, Palmer & Tifft* for Delaware, Lackawanna and Western Railroad Company, respondent.

*Nixon, Hargrave, Devans & Dey* for Keith Unverdorben and others, respondents.

*Louis P. Brady, Jr.,* for Keith Unverdorben and another, plaintiffs.

*Chamberlain, D'Amanda, Bauman & Brundage* for Lester Hahn, defendant.

REYNOLDS, J. Appeal from an order of the Supreme Court, Steuben County which granted a motion changing the venue of these actions from Monroe County to Tioga County.

These actions arise out of a collision between an automobile and a tractor-trailer in Tioga County. The respondent rail-

road which owned the grade crossing at the scene of the accident moved to change the venue of the actions from Monroe to Tioga County. In its supporting affidavits the respondent set forth the names of 14 witnesses who reside in Tioga County and will testify as to the condition of its grade crossing, the speed of the appellant's car and what they saw at the scene of the accident. Also set forth are the names of a resident of Cortland County and of doctors and nurses from Tompkins County and one doctor from Broome County. The appellants in their opposing affidavits state that they have 18 witnesses in Monroe County whose testimony is material and necessary to their action. Among those named are four doctors and two nurses to testify as to the injuries to the appellant Hahn and his deceased wife; a dentist who will state the damage to and value of Hahn's artificial dentures and a woman to testify as to therapy treatments. The unnamed witnesses were representatives of various companies to testify to such special damages as medical equipment, ambulance service, rate of earnings, funeral services, and the grave monument; and representatives of a hospital and an infirmary to testify as to the deceased wife's hospitalization.

There was also submitted an affidavit from a doctor dated November 26, 1958 stating that Hahn was not then and would not for several months be able to travel to Tioga County for a trial. The court below found that Hahn would be physically able to attend the trial when it would be held in Tioga County and granted the motion changing the venue, stating the other things being equal a transitory cause of action should be tried where it arose.

The court below correctly stated the rule that other things being equal a transitory cause of action should be tried where it arose (*Feiden* v. *State of New York,* 5 A D 2d 926; *Slavin* v. *Whispell,* 5 A D 2d 296, 298). Even considering the unnamed witnesses, whose testimony the appellants have alleged is material and necessary, it would appear that the change of venue was properly granted. The testimony of most of the unnamed witnesses was as to special damages which if not stipulated could be proven by deposition, the distance being over 100 miles. Some of this testimony could be supplied by the doctors whom the appellants assert they will call. The general rule is that witnesses on the issue of liability are entitled to more consideration than witnesses on the issue of damages (*Bernstein* v. *McKane,* 3 A D 2d 764, 765; *Laduke* v. *Bond,* 284 App. Div. 859, 860). All of the appellants' witnesses are on the issue of damages while those of the respondent in Tioga County are on the issue of liability thus entitling their convenience to greater consideration.

The appellants contend that a change of venue should be denied in view of the appellant Hahn's physical condition. His physician's affidavit made in November, 1958 only stated that he would be unable for several months to attend a trial in Tioga County. There is no inconsistency between this affidavit and the finding of the court below at the time of its decision in February, 1959 that Hahn would be physically able to attend the trial when it would be held in Tioga County.

The order appealed from should be affirmed, without costs.

BERGAN, J. P., COON, GIBSON and HERLIHY, JJ., concur.

Order affirmed, without costs.