Matthew M. Levy, J.
This is a motion to transfer to this court an action pending in Supreme Court, Suffolk County, and to consolidate it with three actions pending in this court. The suits are in negligence, arise out of the same motor vehicle collision, and there is no opposition to the consolidation. Hoavever, plaintiffs in Action No. 3, which is pending in Suffolk, request that the consolidated action be transferred there for trial.
There are no special circumstances which would require the trial of the action in any particular county, but there are a number of factors present which may be weighed in the exercise of the court’s discretion. The accident occurred in Suffolk County. All of the plaintiffs, except those in the Suffolk suit, are residents of New York County. (Perhaps it should be noted, too, that, of the five firms of attorneys in the actions, four of them have their offices in New York County.) The action first to be instituted was a New York County action, and the Suffolk suit has not yet been noticed for trial. The Judicial Conference of the State of Ncav York reports that the Personal Injury Jury Trial Calendar is 24 months behind in New York County, and that there is a 39-month lag in the Jury Trial Calendar of Suffolk County.
In the present situation, taking all relevant circumstances into account, and keeping in mind, especially, that jurisdiction of the court was first invoked in New York County (Efco Prods., v. Long Is. Baking, 6 A D 2d 832) and also the comparative condition of the two Trial Calendars (Gibbs v. Sokol, 216 App. Div. 260, 263), the venue of the consolidated action is fixed in New York, notwithstanding that the cause arose in Suffolk (Edwards v. Lewin, 284 App. Div. 28, 29-30).
The motion is granted accordingly. Settle order after reading Vidal v. Sheffield Farms (208 Misc. 438).