## (April 12, 1960)

■ LAWRENCE R. CONDON, Appellant, v. EDWIN M. SCHWENK et al., Respondents.— Order changing place of trial from New York to Suffolk County unanimously affirmed, with $20 costs and disbursements to the respondents. Fifteen causes of action are pleaded in the complaint, some for libel, some for slander, but all arising in Suffolk County from proceedings in May, 1958 before the Southampton Village Zoning Board of Appeals. Since plaintiff claims residence in New York County and all but one of the defendants reside in Suffolk County, either county is a "proper" county within section 182 of the Civil Practice Act; but the issue on this motion is whether "the convenience of material witnesses and the ends of justice will be promoted by the change" (Civ. Prac. Act, § 187, subd. 3). The court at Special Term was of opinion that it would be unfair to add this litigation to the already overburdened Trial Calendar of New York County; but the burden to the court is not a significant reason for changing venue. None of the affidavits submitted on either side literally meets the standards required for this kind of motion. To determine judicially in advance whether a person will be a "material" witness, the court must be advised factually just what his testimony will be. That he was present at the controverted event and had opportunity to observe does not necessarily mean he will give material testimony. But it is perfectly clear from the pleadings that a vital issue on the trial will be what plaintiff said and what some of defendants said at the zoning board hearing. New matter pleaded in some of the answers in this respect is deemed denied (Civ. Prac. Act, § 243). Therefore, the stenographer or recording technicians who were present will be essential witnesses in the case as well as the village officer and some spectators who attended the hearing. Moreover the causes of action for libel are largely directed against a local newspaper of Suffolk County and there is at least a strong suggestion in some of the cases that such an action should be tried in the county where the libel occurred. (*MacCormac* v. *Tobey*, 109 App. Div. 581; *Alexander* v. *Brooklyn Eagle*, 280 App. Div. 929, affg. 114 N. Y. S. 2d 5.) A transitory action, other things being equal, should be tried where the cause arose (*Slavin* v. *Whispell*, 5 A D 2d 296). It seems clear that this kind of lawsuit involving a group of defendants residing in Suffolk and stemming from a controversy about a local public proceeding is peculiarly one which, within an orderly judicial system, ought to be litigated in the place where it had its genesis. It seems to us significant that although plaintiff suggests inconvenience to his witnesses by a trial in Suffolk, the complaint drawn before the controversy over venue arose, pleads that at the zoning hearing plaintiff "was acting as attorney for himself and other residents of the Village of Southampton", and names as such "other residents" some of the same people whose convenience plaintiff says will be adversely affected by having to go to Suffolk for trial because they are residents elsewhere. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.