JOHN P. BULT et al., Respondents, v. LAWRENCE KORNSPAN et al., Appellants.— Appeal by the defendants from an order of the Supreme Court at Special Term, entered in Sullivan County on October 21, 1970, denying a motion for a change of venue. The appeal brings up for review a subsequent order which denied an application to renew the original motion on additional papers (CPLR 5517). The plaintiffs are members of the New York State Police, and stationed at Ferndale in Sullivan County. While on duty in the Town of Bloomingburg, Sullivan County, on December 5, 1969 they arrested defendant Kornspan for several vehicle and traffic violations. Later the same day defendants, who are residents of Nassau County, returned to that county and signed a complaint with the Division of Human Rights charging plaintiffs with unlawful and discriminatory practices against defendants because of their religion. Defendants thereafter gave interviews to newspaper reporters making similar charges against plaintiffs. One of the papers involved had wide circulation in Sullivan County. The action is one for defamation of character. Special Term denied defendants' motion for a change of venue from Sullivan County to Nassau County and also denied an application for leave to renew or reargue the original motion. It is defendants' contention that the venue should be changed for convenience of witnesses, and on the further ground that they cannot receive an impartial trial in Sullivan County. Venue motions are directed to the discretion of the trial court and if soundly exercised must be sustained. (*Palmer* v. *Chrysler Leasing Corp.*, 24 A D 2d 820.) The instant moving papers, as far as the convenience of witnesses is concerned, merely mention one of the reporters, the attorney for one of the newspapers and an employee and regional office director of the Division of Human Rights. An examination of these papers does not permit a conclusion that the trial court abused his discretion in denying the motion. Neither do we find any merit in defendants' contention that they cannot receive an impartial trial in Sullivan County. The fact that the District Attorney of Sullivan County made certain statements which appeared in the press and the fact that he may be a witness at the trial are insufficient to entitle defendants to removal of this action to Nassau County. (*Clausi* v. *Hudson Cement Co.*, 26 A D 2d 872.) The same reasoning applies to the fact that plaintiffs are troopers and known in Sullivan County. The mere fact that a party to an action is of some prominence or holds an official position in the county does not justify an inference that an impartial trial cannot be had in that county. (*Fishman* v. *Fishman*, 20 A D 2d 941.) Orders affirmed, with costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.