■ LENA CHUNG, Respondent, v EDITH KIVELL et al., Respondents, and ROBERT TUTTLE, Appellant.—Order, Supreme Court, New York County, entered on October 25, 1976 denying defendant Tuttle's motion for a change of venue to Tompkins County, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, and the motion is hereby granted. Unless there are cogent reasons to direct otherwise ordinarily the venue of a transitory action should be the county where the cause of action arose. (Slavin v Whispell, 5 AD2d 296.) Here that county, Tompkins, is also where the injured plaintiff initially received medical care and treatment following the accident and is the county of residence of four nonparty witnesses, two of whom actually saw the occurrence while the remaining two, police officers, investigated it. The convenience of these two law enforcement officials is yet an additional consideration weighing in favor of the venue being in Tompkins County (2 Weinstein-Korn-Miller, NY Civ Prac, par 510.23). The convenience of plaintiff's two New York County physicians is a factor to be weighed but is subordinate to that of the convenience of the witnesses on the issue of liability and therefore an inadequate offsetting circumstance. (Hahn v Unverdorben, 9 AD2d 9; Laduke v Bond, 284 App Div 859.) As there is no indication appellant exercises control over the codefendants and it is apparent these parties will be litigating, as between themselves, which of them is liable for plaintiff's injuries, the codefendants' failure to join in this motion is no impediment to its being granted. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Yesawich, JJ.