■ RUBEN DE JESUS et al., Respondents, v WALLKILL AUTO SALES CORPO-RATION et al., Appellants.—Order, Supreme Court, New York County, entered April 27, 1979, denying defendant Wallkill's motion for a change of venue, reversed, on the law, on the facts, and in the exercise of discretion, and motion granted changing venue to Dutchess County, without costs. A Ford truck, owned and driven by plaintiff Ruben De Jesus, overturned while he was driving it in Dutchess County on March 17, 1977. This action was eventually brought in New York County against defendant Ford, the manufacturer of the truck, and defendant Wallkill, its seller. The action was commenced in New York County since it was designated as Ford's principal place of business in New York State. While New York is a proper county, the convenience of material witnesses and the ends of justice will be promoted by a change of venue to Dutchess County (CPLR 510, subd 3). First, all factors being equal, a transitory action, such as the present one, should be tried in the county where it arose. (Slavin v Whispell, 5 AD2d 296, 297, 298.) Second, the two nonparty eyewitnesses to the occurrence reside in Dutchess County (Slavin v Whispell, supra, p 298). Third, the trooper who investigated the incident is stationed in Dutchess County (Chung v Kivell, 57 AD2d 790). While the foregoing considerations are of controlling importance, there are additional factors that militate in favor of a venue change to that up-State county. A significant portion of Ruben's medical treatment was received in Dutchess County and the corresponding medical records are on file there. Two of Ruben's treating physicians now practice in Dutchess; two other treating physicians practice in nearby Albany County. Finally, plaintiffs reside and defendant Wallkill operates its business in neighboring Orange County. As is readily apparent, it will be more convenient for almost every individual concerned with this matter if it is prosecuted in Dutchess County. In passing, a comment should be made about defendant Ford's prior motions to change venue. Justice Hughes denied the original motion without prejudice; he denied the renewed motion upon the merits. At the time those motions were made, Wallkill was in default in serving its answer. While it is not clear from the record, Wallkill's default may be the very reason that it was never served with papers on either of Ford's motions (CPLR 2103, subd [e]). After Ford's renewed motion had been denied, Wallkill served its answer. Plaintiffs, in failing to reject Wallkill's answer, excused any default on the part of that defendant. At that juncture, Wallkill was presented with an independent right to litigate its motion under CPLR 510 (subd 3), since it was not a party to the prior motions before Justice Hughes. Concur—Murphy, P. J., Kupferman, Birns, Bloom and Lynch, JJ.