■ JOHN CHAEWSKY, Respondent, v SIENA COLLEGE, Appellant, et al., Defendant. — Order of the Supreme Court, New York County (H. Schwartz, J.), entered September 28, 1983, denying defendant Siena's motion for a change of venue, reversed, on the law, the facts and in the exercise of discretion, and the motion granted, changing venue to Albany County, without costs. ¶ Plaintiff commenced this action to recover damages for personal injuries sustained on May 7, 1980. Plaintiff was injured when he fell from the window of the apartment in which he resided, while he was a student at Siena College, which is located in Albany County. ¶ The apartment complex in question is owned and operated by defendant Lakeshore Park Associates, which maintains a place of business in New York County. Venue was placed in New York County on the basis of the place of business maintained here by Lakeshore. ¶ Defendant Siena College's initial motion for a discretionary change of venue was denied with leave to renew upon a showing of (1) the names, addresses and occupations of prospective witnesses; (2) the nature and substance of the testimony expected from each; (3) a statement showing the materiality or necessity of the testimony. ¶ Upon renewal, Siena noted that prior to residing in Albany County, plaintiff resided in Orange County. He currently resides in Berkeley, California. After the accident defendant was treated from May 7, 1980 to October 7, 1980 at Albany Medical Center. His treating physicians at Albany were Dr. Robert Bourke, Dr. Louis Nelson and Dr. Albert Popp, all of whom are neurosurgeons who practice in Albany, New York. Siena claimed that their testimony is highly material and relevant and will be required, as will their records and the records of Albany Medical Center. ¶ Siena also listed the following other witnesses: Marty Syczyk, detective of the Colonie Police Department, who responded to the scene. The report Detective Syczyk filed on the morning of the occurrence states that plaintiff arrived home at 3:00 A.M. and that earlier he had been drinking at a local bar, Dappers Tavern, with his roommates, Tim Tattam, Mark Oliva and Dan Crane. All except Tattam were in bed when plaintiff fell. Accordingly, Siena alleged that Syczyk's testimony would be relevant as to plaintiff's physical condition and the condition of the building. ¶ Richard Garbarino was allegedly a witness who was still a student at Siena and who lived in Watervliet, New York. Anthony Duffy, of Albany, was allegedly with plaintiff in the bar and drove him from the bar to his apartment on the morning in question. Mark Oliva is stated to live in Walden, New York. Tattam allegedly witnessed plaintiff's fall. Tattam is currently living in New Jersey. ¶ William J. Kelly, of Schenectady, New York, is the safety and security director of Siena College, who Siena would call regarding those issues at the time of the occurrence. Anthony Pondillo, of Clifton Park, New York, is Siena's vice-president for finance and administration, and would be called concerning the agreement between Siena and Lakeshore.¶ The general rule is that a transitory action, such as the one at bar, should be tried in the county in which the cause of action arose (*Slavin v Whispell*, 5 AD2d 296). As noted, the cause of action arose in Albany County. Although the convenience of witnesses is not always deemed relevant (see *Slavin v Whispell, supra,* at p 298), it is a factor which has more recently been considered

favorably (see *De Jesus v Wallkill Auto Sales Corp.*, 76 AD2d 812). ¶ The physicians who treated plaintiff in the months immediately following the accident all practice in Albany County. The law enforcement officer who responded to the scene is stationed in that county. Although the residences of certain other witnesses are disputed and the plaintiff asserts that some of them will be produced by him to testify at the trial, it is apparent that the majority of the witnesses reside in Albany County or closer to that county than to New York County. There is no allegation that any material witness resides in New York County. In addition, although Special Term found the health considerations of the plaintiff to be one of the factors favoring New York County, there was no showing that the trip from California to Albany would be any more strenuous than to New York, nor was it shown by plaintiff that the medical facilities in Albany are inadequate. Concur — Kupferman, J. P., Ross, Asch, Fein and Kassal, JJ.