(August 29, 1985)

■ ROBERT G. WECHT et al., Respondents, v GLEN DISTRIBUTORS COMPANY et al., Respondents, and CHEVROLET MOTOR DIVISION OF GENERAL MOTORS CORP. et al., Appellants. GENERAL MOTORS CORPORATION, Third-Party Plaintiff-Appellant, v IMPERIAL NEWS CO., INC., Third-Party Defendant-Respondent. DIAL CHEVROLET, INC., Second Third-Party Plaintiff-Respondent, v BOYERTOWN AUTO BODYWORKS, INC., Second Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (S. Schwartz, J.) entered June 5, 1984, denying defendants' motion for a change of venue to Suffolk County, affirmed, without costs.

On or about January 11, 1983, plaintiff Robert Wecht commenced this personal injury action, joined by his wife who sues for loss of consortium, against defendants General Motors, its Chevrolet Division, and Dial Chevrolet. The complaint alleges that the truck Robert was driving on Sound Avenue in Suffolk County went out of control, struck a guide pole and flipped over, crushing his left foot. Plaintiffs claim that the accident was caused by locking of the brakes, due to the defective design and manufacture of the truck braking system,

and truck cab. The named defendants, Chevrolet Motors Division of General Motors, General Motors, and Dial Chevrolet were the manufacturers and retailer of the truck, respectively. In March 1983, issue was joined by service of defendants' answers which, *inter alia,* affirmatively alleged contributory negligence.

Venue was placed in New York County on the basis of the place of business maintained there by General Motors. General Motors moved for change of venue, pursuant to CPLR 510 (3), predicated on the convenience of material witnesses and the ends of justice, in which motion the other defendants have joined. While the motion was pending for decision at Special Term, General Motors and Dial Chevrolet asserted their own third-party claims for contribution and indemnity against Imperial News Co., Inc., Mr. Wecht's employer and the owner of the truck, and Boyertown Autobody Works, the alleged manufacturer of the body of the truck. Defendants' motion was denied by Special Term, and this appeal ensued. We conclude that there has been no clear abuse of discretion and affirm.

Determination of a motion for change of venue pursuant to CPLR 510 (3) "lies 'largely in the discretion of the special term, and its determination of such motions will not be reversed on appeal unless it clearly appears that there was an abuse of that discretion, or that the court erred in coming to the conclusion [that] it did' ". (*Greentree Pub. Co. v Oneida Dispatch Corp.,* 59 AD2d 711 [2d Dept 1977]; *accord, Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821 [4th Dept 1973]; *Bult v Kornspan,* 37 AD2d 672 [3d Dept 1971]; *Palmer v Chrysler Leasing Corp.,* 24 AD2d 820 [4th Dept 1965].) Defendants' factual showing concerning the convenience of witnesses has superficial logic, but does not withstand close scrutiny. The elimination of parties and their employees, whose convenience is irrelevant, from defendants' list leaves six witnesses who would allegedly be inconvenienced by the New York forum. (*Stavredes v United Skates,* 87 AD2d 502 [1st Dept 1982]; *Slavin v Whispell,* 5 AD2d 296, 298 [1st Dept 1958]; *Taller & Cooper v Rand,* 286 App Div 1096; *but see,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.19.) Since Imperial News Co. was joined as a party subsequent to the submission of this motion at Special Term, one of the witnesses, Vincent Doyle, may properly be treated as the employee of a party.

Among these remaining six witnesses, three are doctors who treated Wecht and who practice in Nassau County. They are clearly no more inconvenienced by trial in New York County

than in Suffolk. While it is 20 miles from the Nassau/Suffolk border to New York County, it is 50 miles therefrom to Riverhead. Only one of the three remaining Suffolk County resident witnesses, Dr. R. J. Hastings, of Central Suffolk Hospital, is a material witness. (It should also be noted that these four physicians will probably be called as witnesses by the plaintiffs.)

Defense witness Maria Parson's testimony is inadmissible to the extent that defendants proffer it to establish the hazardous nature of Sound Avenue. She is not qualified as an engineering expert to testify as to Sound Avenue's design and its contribution, if any, to the accident. In view of defendants' concession at oral argument that the condition of the road will be stipulated to at trial, neither Parsons nor Officer Zaleski are material witnesses. The unspecified testimony of unidentified ambulance, hospital, and fire department employees whose addresses are not stated, cannot be considered material. (*Condon v Schwenk,* 10 AD2d 822 [1st Dept 1960].)

Venue in this action was properly based on defendant General Motors' place of business, pursuant to CPLR 503. Special Term properly weighed the convenience of plaintiffs' then unidentified principal witnesses, whom plaintiffs contended would be experts on truck design and manufacture, and most likely not Long Island residents, in determining not to disturb plaintiffs' choice of venue. While the convenience of an expert is not entitled to great weight, the convenience of principal witnesses who will testify as to liability is entitled to greater weight than that of witnesses concerning damages. (*Ray v Beauter,* 90 AD2d 988 [4th Dept 1982]; *Palmer v Chrysler Leasing Corp., supra; Bernstein v McKane,* 3 AD2d 764, 765 [2d Dept 1957]; *see, Slavin v Whispell, supra.*) Since plaintiffs' unidentified witnesses are not only experts, but principal liability witnesses as well, their convenience was entitled to more consideration than that of the witness Dr. Hastings, whose testimony will only relate to damages. New York County is clearly more accessible to non-Long Island residents than is Suffolk County.*

Moreover, absent other compelling considerations, the convenience of Dr. Hastings does not warrant a discretionary change in venue. (*Bult v Kornspan, supra.*) Although rural

___

* On this appeal plaintiffs identified their expert, William Burrow, an Albany County resident. This fact, although not contained in the record, has a bearing upon the convenience of material witnesses in this litigation. In the exercise of discretion, it should be considered in affirming Special Term's order. (*Matter of Dwyer,* 57 AD2d 772 [1st Dept 1977].)

counties are slightly favored over urban ones where a speedy trial can be had, defendants significantly fail to show prospects for a speedier trial in Suffolk County. (*Kucich v Leibowitz,* 68 AD2d 1002 [3d Dept 1979]; *Greentree Pub. Co. v Oneida Dispatch Corp., supra,* pp 711-712; *Fernandez v Jagoda,* 21 Misc 2d 545 [Sup Ct, NY County 1959].) Defendants claim the presence of police and hospital records in Suffolk County militates in favor of transfer. However, most of the medical records are in Nassau County, where the great portion of Mr. Wecht's medical treatment was received. Since all pertinent records may be readily mailed to court, no real inconvenience is demonstrated. (*Stavredes v United Skates,* 87 AD2d 502, *supra.*)

The dissenters rely upon those cases stating that all things being equal, a transitory action should be tried where the cause of action arose, as authority for finding an abuse of discretion of Special Term, i.e., *Chaewsky v Siena Coll.* (100 AD2d 753 [1st Dept 1984]), *De Jesus v Wallkill Auto Sales Corp.* (76 AD2d 812 [1st Dept 1980]), *Chung v Kivell* (57 AD2d 790 [1st Dept 1977]), and *Slavin v Whispell* (5 AD2d 296, *supra*). Close reading reveals that those cases are inapposite since, rather than all things being equal, the confluence of factors in each instance, favored trial in the place where the cause of action arose. (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.17; *see also, O'Leary v Hull,* 101 AD2d 741 [1st Dept 1984]; *Meier v Ford Motor Co.,* 93 AD2d 729 [1st Dept 1983].) On this record, we conclude that Special Term's decision to deny the motion was a valid exercise of its discretion. Concur—Sandler, Rosenberger and Ellerin, JJ.; Murphy, P. J., and Carro, J., dissent in a separate memorandum by Carro, J.

Carro, J. (dissenting). Plaintiffs Robert and Alice Wecht, residents of Suffolk County, brought this action to recover for loss of consortium and personal injuries Robert suffered when a truck he was driving in Riverhead, Suffolk County, went off the road, hit a guide pole and flipped over. The truck was owned by plaintiff's employer, Imperial News Co., Inc., which does its business in Suffolk County and which is now a third-party defendant in this action. The vehicle was manufactured by defendant-appellant General Motors. Plaintiffs brought this action in New York County where General Motors has its principal place of business. Also joined as a defendant was the dealership which sold the truck, a corporation in Nassau County. Plaintiffs allege that the accident resulted from the defective design and manufacture of the truck's braking sys-

tem and body. Defendants deny this and claim, *inter alia,* that the road conditions caused the accident.

Defendant General Motors made an application below for a change of venue to Suffolk County pursuant to CPLR 510 (3), which permits a court to change the place of trial where "the convenience of material witnesses and the ends of justice will be promoted by the change." In support of its motion General Motors noted that among the witnesses it intended to call at trial were the police officer who investigated the accident and a woman living adjacent to the accident site, both of whom would testify as to the conditions of the road. Both these witnesses are Suffolk County residents. Another material witness to testify at the trial is Vincent Doyle, an employee of third-party defendant Imperial News, who works in Suffolk County and was responsible for the inspection and repair of the truck after the accident. General Motors also cites, as materially important, testimony of plaintiff Robert Wecht's physical condition. Plaintiff was treated at Suffolk County Hospital by a physician residing in Suffolk County and later at a Nassau County hospital. Plaintiff's other doctors are Nassau County residents.

Plaintiffs argued in opposition to defendant's motion that they intended to prove faulty design and manufacture of the truck through the testimony of unnamed, out-of-town experts who would find traveling to Suffolk County extremely inconvenient. In their brief on appeal, plaintiffs now name the expert they intend to call and list his residence as Albany, New York. Without even knowing what experts plaintiff intended to call, Special Term adopted plaintiffs' argument that these expert witnesses would most likely not reside in Suffolk County and would be inconvenienced by travel to Suffolk County. On that basis, the court denied the motion for change of venue.

While we are mindful of the fact that a motion for a change of venue lies within the discretion of the trial court, whose determination will only be disturbed upon a showing of abuse of discretion, we find that the facts here support a finding of such abuse. Initially, we note the long-standing rule that unless cogent reasons to direct otherwise exist, a transitory action, such as the instant one, should be tried in the county in which the cause of action arose. (*Chaewsky v Siena Coll.,* 100 AD2d 753; *De Jesus v Wallkill Auto Sales Corp.,* 76 AD2d 812; *Chung v Kivell,* 57 AD2d 790; *Slavin v Whispell,* 5 AD2d 296.) It is also well-recognized that the convenience of expert witnesses is not to be given effect in a motion for transfer of

venue. (*American Consumer Ins. Co. v Goslin,* 88 AD2d 941; *Slavin v Whispell, supra.*) Unlike lay persons, expert witnesses are paid for their services and compensated for the inconveniences of travel.

Instead, the controlling factors are the place where the cause of action arose and the residences or work places of the material, nonparty witnesses. (*De Jesus v Wallkill Auto Sales Corp., supra; Chung v Kivell, supra; Slavin v Whispell, supra.*) Of lesser, but still some importance, are such factors as the special consideration to be given to the convenience of law enforcement officers, the county in which plaintiff has received medical care and in which his medical records are located, and the county in which the bulk of the parties reside. (*Slavin v Whispell, supra; see also, Mitts v H.I.P. of Greater N. Y.,* 104 AD2d 318.)

Upon application of these factors to the case at bar it is obvious that venue properly belongs in Suffolk County and that the convenience of the material witnesses and the ends of justice will be promoted by transferring this action there. In fact, there is absolutely nothing about this case, save the fortuitous fact that General Motors' principal place of business is in Manhattan, to warrant retention of venue in New York County. The witnesses who can shed light on the conditions of the road on the day of the accident, one of whom is a law enforcement officer, reside in Suffolk County. The accident occurred in Suffolk County. Plaintiff received medical treatment there from a doctor residing in Suffolk County. He was also treated in Nassau County by Nassau County doctors, who may prefer to travel to Suffolk County than drive through the congested traffic of lower Manhattan. The mechanic who inspected and repaired the truck works in Suffolk County. Although he is an employee of a third-party defendant, and the convenience of such witnesses is not of paramount importance, it nevertheless, merits some consideration. Also, the plaintiffs and third-party defendant Imperial News Co., reside in Suffolk County. Despite this overwhelming preponderance of factors favoring venue in Suffolk County, the court on the basis of an improper consideration, the convenience of expert witnesses, denied defendant's application. This was an abuse of discretion.

Accordingly, we would reverse the order of the Supreme Court, New York County (Schwartz, J.) entered June 5, 1984 and would grant defendant's motion for a change of venue from New York County to Suffolk County.