■ Andrew Katz, Respondent, v Goodyear Tire and Rubber Co., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Martin B. Stecher, J.), entered April 3, 1985, denying appellant's motion for a change of venue, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, the motion granted and the venue of the action changed to Supreme Court, Suffolk County.

Plaintiff, a resident of New York County, was injured on August 7, 1984, when his vehicle was struck by a vehicle owned by defendant Balter and operated by Christopher Brown in Southhampton, Suffolk County. Brown fled the scene of the accident and was subsequently apprehended by Suffolk County police. According to Balter, the vehicle had been left by him with appellant Goodyear for repairs and was stolen from Goodyear's service center. The complaint alleges, *inter alia,* that Goodyear was negligent in failing to safeguard the

vehicle and in permitting it to remain unattended, with the key in the ignition, as a result of which the theft by Brown occurred.

In moving to change the venue pursuant to CPLR 510 (3), appellant argued that although its principal office was in New York County, where plaintiff resides, the convenience of material witnesses warranted that the place of trial be changed to Suffolk County. It was disclosed that there were four Suffolk County police officers, specifically identified, who investigated either the theft of the vehicle or the accident and who reside in Suffolk County, as does Christopher Brown, who allegedly stole the car. While counsel stated that he could not obtain the exact addresses of each of the officers, the police accident reports were annexed to the moving papers and reflect that there was a full investigation, with detailed measurements taken at the scene. In addition, the Suffolk County police officer who investigated the theft also lives in that county and, according to appellant, would be a critical witness in establishing a defense to the claim that Goodyear had been negligent in caring for the vehicle. In opposition to the motion, plaintiff argued that the moving papers were insufficient to satisfy appellant's burden. In addition, it was claimed that the nature of plaintiff's injury would make travel to Suffolk County difficult; his orthopedic surgeons, who practice in New York County, would not travel to Suffolk County; and the delay in terms of trial is greater in Suffolk County than here.

It has been generally recognized that, ordinarily, all factors being equal, a transitory action should be tried in the county where the cause of action arose (*Slavin v Whispell,* 5 AD2d 296). In considering an application to change the place of trial, it is also established that the convenience of the parties or their employees is irrelevant and is not to be considered (*Wecht v Glen Distribs. Co.,* 112 AD2d 891; *Stavredes v United Skates of Am.,* 87 AD2d 502; *Taller & Cooper v Rand,* 286 App Div 1096). In addition, the convenience of expert witnesses is not ordinarily to be considered (*Palmer v Chrysler Leasing Corp.,* 24 AD2d 820; *Slavin v Whispell, supra).* In *Wecht v Glen Distribs. Co. (supra),* we held that the convenience of material witnesses who will testify as to liability is entitled to greater weight than that to be accorded to witnesses on the issue of damages. *(See also, Chung v Kivell,* 57 AD2d 790.)

On this record, it clearly appears that the police officers who investigated the theft of the vehicle and the accident all reside and work in Suffolk County and may be expected to testify as to liability issues at the time of trial. The convenience of the

law enforcement officers is a legitimate consideration to take into account in determining the appropriate place of trial *(see, De Jesus v Wallkill Auto Sales Corp.,* 76 AD2d 812; *Chung v Kivell, supra).* The attorney's affirmation submitted in support of the motion and the exhibits attached establish the residence of these prospective witnesses in sufficient manner to permit the court to conclude that a trial in New York County would inconvenience them *(compare, Stavredes v United Skates of Am., supra).* The predominant number of nonparty liability witnesses reside in Suffolk County, where the accident occurred. In our view, these factors far outweigh the inconvenience to plaintiff and his medical witnesses.

Accordingly, we exercise our discretion and transfer the action for trial to Suffolk County, the place of the accident, the alleged theft and where all of the material witnesses on the issue of liability reside. Concur—Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.