■ JULIANA McGUIRE, an Infant, by Her Father, WILLIAM McGUIRE, et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Appellants.—Order of the Supreme Court, Bronx County (Irwin Silbowitz, J.), entered March 5, 1985, which denied defendants' motion for a change of venue from Bronx County to Westchester County, is unanimously reversed, on the law and the facts, without costs.

This is an action to recover for personal injuries sustained by the infant plaintiff when she was struck by a motor vehicle owned by defendant General Electric and left unattended by a General Electric employee, defendant Michael Roche. The accident took place in the Village of Larchmont in Westchester County. A Larchmont police officer investigated the accident. The two nonparty eyewitnesses to the accident, who have expressed their willingness to testify at trial, are residents of Larchmont. Additionally, infant plaintiff was treated at the New Rochelle Hospital and plaintiffs reside in Larchmont. The action, however, was commenced in Bronx County, based on the claimed residence of defendant Roche within that county. After issue was joined, defendants moved pursuant to CPLR 510 (3) for a change of venue to Westchester County based on the convenience of material witnesses and to promote the ends of justice. Despite the fact that the action's only connection to Bronx County was the residence of one of the defendants, Special Term denied the motion.

Determination of a motion for a change of venue lies within the discretion of the court and that determination will not be reversed absent an abuse of discretion or a finding that the court erred in coming to the conclusion that it did. *(Wecht v Glen Distribs. Co.,* 112 AD2d 891.) Defendant's clear showing that the great preponderance of factors favors venue in Westchester County leads us to conclude that Special Term abused its discretion and erred in denying the motion.

This court has long followed the general rule that, all things

being equal, a transitory action should be tried in the county in which the cause of action arose. *(Chaewsky v Siena Coll.,* 100 AD2d 753; *De Jesus v Wallkill Auto Sales Corp.,* 76 AD2d 812; *Chung v Kivell,* 57 AD2d 790; *Slavin v Whispell,* 5 AD2d 296, 297-298.) If plaintiff can demonstrate that a large preponderance of witnesses reside in a county different from that where the cause of action arose, then a venue other than that where the cause of action arose may be indicated. *(Slavin v Whispell,* 5 AD2d, at p 298.) However, this is not the case here, since plaintiff has failed to make such a showing. Rather, it is clear from the facts cited above that the preponderance of material, nonparty witnesses reside or work in Westchester County, thus favoring the transfer of venue there. Additionally, all relevant medical and police records are situated in Westchester County. Accordingly, the motion to transfer venue to Westchester County should be granted. Concur—Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.