■ Sylvia Sendrow, Respondent, v Quality Ruskin Fee Corp. et al., Defendants, and Argo Corp., Appellant.—Order, Supreme Court, New York County (Martin Evans, J.), entered August 6, 1987, which denied defendant-appellant's motion for a change of venue, unanimously reversed, on the law and facts, and the motion granted, without costs.

The proper venue for this personal injury action is Queens County. *(Ford v Servistar Corp.,* 133 AD2d 23 [1st Dept 1987]; *Chung v Kivell,* 57 AD2d 790 [1st Dept 1977]; *Slavin v Whispell,* 5 AD2d 296, 297-298 [1st Dept 1958].) Plaintiff-respondent was allegedly injured when she slipped and fell in the basement of her apartment building in Forest Hills, Queens. She was taken to LaGuardia Hospital in Queens County for treatment following the accident. The handyman and superintendent of the building, who are possible witnesses, also reside in Queens County. Although the owner of the building resides in New York County, he has not appeared in this action. The only other tie to New York County is that appellant, the management company for the building, maintains its offices in that county. Inasmuch as the plaintiff and most of the witnesses are to be found in the county where the cause of action arose, the motion for change of venue to that county should

have been granted *McGuire v General Elec. Co.,* 117 AD2d 523 [1st Dept 1986]; *Seabrook v Good Samaritan Hosp.,* 58 AD2d 538 [1st Dept 1977]). Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Smith, JJ.