■ ANNE MITCHELL et al., Appellants, v PALACE REALTY CO., Respondent and Third-Party Plaintiff-Respondent, and GMC FUEL CORP. et al., Respondents. CITY OF NEW YORK, Third-Party Defendant-Respondent. (Action No. 1.) BETTY ETHERIDGE, Appellant, v PALACE REALTY Co. et al., Respondents. (Action No. 2.)—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered December 13, 1988, granting defendant Palace Realty Co.'s motion to transfer the venue of this action from the Supreme Court, Bronx County, to the Supreme Court, Queens County, is unanimously affirmed, with costs.

The instant action seeks damages for personal injuries allegedly sustained by plaintiffs after repeatedly inhaling noxious fumes at plaintiffs' place of employment in Queens County. Plaintiffs place venue in Bronx County, the principal place of business of defendant GMC. After issue was joined, consolidation was granted without opposition, but defendant Palace cross-moved to transfer venue from Bronx County to Queens County, on the grounds that since the city was a party, venue must be placed in the county in which the cause of action arose (CPLR 504 [3]), and on discretionary grounds (CPLR 510 [3]).

It is conceded that the plaintiffs reside in Queens County, that the injuries were sustained in Queens County, that all investigations by police, fire and the Department of Environmental Conservation occurred in Queens County, that plaintiffs were initially treated in a hospital located in Queens County, and that most, if not all, of plaintiff's nonparty witnesses reside in Queens County.

It is well settled that the venue of an action should generally be in the county in which the cause of action arose. *(Sendrow v Ruskin Fee Corp.,* 139 AD2d 455.) We held in *Ford v Servistar Corp.* (133 AD2d 23) that the principal place of business of one of the defendants, standing alone, is not sufficient to maintain the venue designated by plaintiff in the presence of a proper cross motion for a change of venue.

Further, the plaintiffs' choice of Bronx County disregards the convenience of those witnesses who will testify as to liability, since most of those witnesses concededly are resi-

dents of Queens County. *(See, Risoli v Long Is. Light. Co.,* 138 AD2d 316.)

Finally, we find, on the basis of CPLR 504 (3) that Queens County is the only proper venue, since the City of New York has been impleaded and the cause of action arose there. *(See, Haroian v Nusbaum,* 84 AD2d 532.)* Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.