■ ARCADIO MORALES, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 20, 1991, which granted defendant City of New York's motion to change the venue of this action from Bronx County to New York County, unanimously affirmed, without costs.

Defendant City's delay in seeking a change of venue to New York County where the cause of action arose was not so inordinate as to preclude a discretionary change of venue pursuant to CPLR 510 (3) (see, Toro v Gracin, 148 AD2d 364). First, it appears that defendant did make a timely motion in October 1987 for a change of venue pursuant to CPLR 504 (3) which, for unexplained reasons, was never decided; second, the January 1991 preliminary conference order, to which plaintiff's attorney consented, provides for renewal of defendant's motion to change venue; and third, disclosure has not yet commenced. All these factors distinguish this case from Ortiz v Broadway Mgt. Co. (188 AD2d 401). Given that the accident occurred in New York County, and that plaintiff does not articulate any compelling countervailing circumstances justifying retention of venue in Bronx County, it was not an abuse of discretion for the IAS Court to change venue to New York County (see, Mitchell v Palace Realty Co., 157 AD2d 561; Powers v East Hudson Parkway Auth., 75 AD2d 776; cf., Rogers v U-Haul Co., 161 AD2d 214). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Asch, JJ.