■ YEMANE TESFAYE, Appellant, v BRADFORD N. SWETT et al., Individually and Doing Business as TIEMAN PLACE ASSOCIATES, et al., Respondents. [641 NYS2d 674] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 19, 1995, which, insofar as appealed from as limited by plaintiff's brief, granted defendants' motion for a change of venue from Bronx County to New York County, unanimously affirmed, without costs.

Although plaintiff's original choice of Bronx County was properly based on his residence there (CPLR 503 [a]), the City's subsequent joinder (by plaintiff) as a party defendant, and the fact that the accident occurred in New York County, provided ample basis for a discretionary change of venue to New York County (see, McAdoo v Levinson, 143 AD2d 819). Although the City's motion for change of venue as of right pursuant to CPLR 504 (3) was untimely (CPLR 511 [b]), to the extent that the same motion sought a discretionary change of venue (CPLR 510 [3]), we find no inordinate delay, there being no indication of the extent to which the City had participated in disclosure, or of any other countervailing circumstances justifying nonfulfillment of the policy objectives of CPLR 504 (3) (Morales v City of New York, 189 AD2d 581). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.