Mario Pittoni, J.
Plaintiff moves to change the venue of this negligence action from Nassau to Kings County on the ground of convenience of witnesses and to promote the ends of justice.
Defendants cross-move to retain the action in Nassau, on the same grounds.
*102 The cross motion was unnecessary and is denied. Defendants are really only opposing plaintiff’s motion.
Plaintiff’s motion is granted. The affidavits of both parties are improper on the ground of convenience of witnesses; they fail to contain the necessary details. (Kramer v. Harder Mfg. Corp., 218 App. Div. 745; Liebowitz v. Hudson Tr. Corp., 59 N. Y. S. 2d 313.)
However, the real basis of the motion is that by virtue of rule 4A of the Buies of the Supreme Court, Nassau County, plaintiff, being a nonresident of Nassau, will be unable to obtain a preference.
On a motion for change of venue addressed to the court’s discretion, delay in reaching trial is a factor to be considered. (Taller & Cooper, Inc., v. Rand, 286 App. Div. 1096.) Further, though nothing be shown as to convenience of witnesses, the court may consider whether the change will promote the ends of justice. (Commercial State Bank & Trust Co. v. Ritz, 4 A D 2d 674.)
If the action remains in Nassau and the plaintiff is denied a preference, his cause will be indefinitely postponed (Plachte v. Bancroft, Inc., 3 A D 2d 437). Justice requires change of venue to Kings, where plaintiff resides and will be eligible for a preference.
Motion is granted. Cross motion is denied.