Roopnarine v Zelena (2004 NY Slip Op 50725(U))

[*1]

Roopnarine v Zelena

2004 NY Slip Op 50725(U)

Decided on June 22, 2004

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2004

Supreme Court, Bronx County
Louie Roopnarine, Plaintiff,
against
Jeffrey Zelena, Defendant.
6132/2004

Nelson S. Roman, J.
Plaintiffs commenced the instant plenary action against defendants seeking monetary damages as a result of injuries sustained in a eight-vehicle accident that occurred on January 24, 2003 in Jefferson County, NY. Following joinder of issue, two defendants, Evans and P.E. Express, Inc., now move for a change of venue from Bronx County, NY to Jefferson County, NY. For the following reasons, the motion is denied.
Civil Practice Law and Rules §503(a) states in pertinent part that "the place of trial shall be in the county in which one of the parties resided when it was commenced." Here, venue is premised upon plaintiffs' residence, namely Bronx County. Movants do not dispute that Bronx County is a proper venue for this matter, but seek to change venue due to the convenience of witnesses and the ends of justice.
Civil Practice Law and Rules §511(a) states that a motion based upon the grounds of convenience of witnesses or the ends of justice must be made "within a reasonable time after commencement of the action." The First Department has stated that a motion to change venue under Civil Practice Law and Rules §510(3), upon ground of convenience of witnesses or the ends of justice, can be made at any time, particularly when discovery has yet to be completed and the non-movant will not be prejudiced. Soufan v. Argo Pneumatic Co., 170 A.D.2d 289, 291 (1st Dept 1991) (citing Toro v. Gracin, 148 A.D.2d 364, 365 (1st Dept 1989). Here, the instant motion was filed approximately five months after commencement of the instant action. See, Toro v. Gracin, 148 A.D.2d at 364 (deciding that filing the motion after a five-month delay from commencement of action was not "inordinate"); Gennaro v. Grossfeld, 186 A.D.2d 718, 718 (2d Dept 1992) (granting a change of venue motion based on the convenience of witnesses after a three-year delay from the commencement of the action). Therefore, the motion was made in a timely fashion.
Civil Practice Law and Rules §510(3) states "[t]he court, upon motion, may change the place of trial of an action where the convenience of material witnesses and the ends of justice will be promoted by the change." The prevailing standard is that a transitory action should be tried "where the cause of action accrued, where there is a preponderance of witnesses, where the convenience of such witnesses would be best served, and where the ends of justice would be promoted by trying the action there." Thomas v. Small, 121 A.D.2d 622, 623 (2d Dept 1986); see also, Risoli v. Long Island Lighting Co., 138 A.D.2d 316, 318 (1st Dept 1988). Deciding [*2]upon such a motion is at the discretion of the court. Leopold v. Goldstein, 283 A.D.2d 319, 320 (1st Dept 2001). In order for the court to exercise such discretion in granting the motion for the convenience of witnesses, the moving party must meet the following standards: "1) the identity of the proposed witnesses, 2) the manner in which they would be inconvenienced by a trial in the county in which the action was commenced, 3) that the witnesses have been contacted and are available and willing to testify for the movant, 4) the nature of the anticipated testimony, and 5) the manner in which the anticipated testimony is material to the issues raised in the case." Heinemann v. Grunfeld, 224 A.D.2d 204, 204 (1st Dept 1996) (citing Cardona v. Aggressive Heating, Inc., 180 A.D.2d 572, 572 (1st Dept 1992)).
Movants set forth the identity of approximately ten potential non-party witnesses who will purportedly provide material testimony. Of these potential witnesses, five are drivers whose vehicles were involved in the accident. None of these drivers currently reside in Bronx County and only one of them resides in Jefferson County. Secondarily, one of these drivers resides within a close distance to Bronx County in neighboring Kings County. The New York State Trooper who prepared the accident report is a resident of Wayne County, which is a two-hour drive from Jefferson County as opposed to a five-hour drive from Bronx County. In addition, the emergency medical staff who responded to the scene of the accident and who treated plaintiffs in the emergency room are residents of Jefferson County. Finally, plaintiffs' treating physician is a Bronx County resident. Thus, movants have sufficiently satisfied the first element.
As to the manner in which the proposed witnesses would be inconvenienced by a trial in Bronx County, the only information provided by movants involves the amount of time each non-Bronx County witness will have to travel if the trial is held in Bronx County as opposed to the "central" Jefferson County. Case law indicates that there is no presumption of inconvenience simply because the witness lives in a county other than that in which the courthouse is located. Pradov. Walsh-Atkinson Co., Inc., 212 A.D.2d 489, 489 (1st Dept 1995); see also, Edwards v. Lamberta, 42 A.D.2d 1003, 1003 (3d Dept 1973) (recognizing that our mobile society makes it easier for non-resident witnesses to travel to the venue of trial). Further, the only specific travel time comparison made between the two proposed venues is for that of the state trooper, who would have to travel three additional hours for a Bronx County trial. The convenience of a police trooper is a legitimate concern due to the importance of having them available for duty. Katz v. Goodyear Tire and Rubber Co., 116 A.D.2d 506, 507-508 (1st Dept 1986). However, in previous cases where a change of venue motion was granted and the convenience of the police officer was taken into consideration, the police officer resided in the county where the accident occurred. Id., at 507-508; see also, De Jesus v. Wallkill Auto Sales Corp., 76 A.D.2d 812, 812 (1st Dept 1980) (observing that officer resided in Dutchess County, which is where the accident at issue had occurred). Here, the police officer currently resides two hours away from the site of the accident in Jefferson County.
Prevailing case law also states that the convenience of witnesses who do not reside in New York State are of "subordinate importance." Said v. Strong Memorial Hospital, 255 A.D.2d 953, 954 (4th Dept 1998). Therefore, the convenience of the one named driver who currently resides in New Jersey will not be as heavily considered here as that of the other identified parties. In addition, the convenience of witnesses who would testify on the issue of damages is subordinate to the convenience of the non-party drivers who would testify on the issue of [*3]liability. Torres v. Larsen, 195 A.D.2d 285, 287 (1st Dept 1993). As such, the convenience of the emergency room physicians and the ambulatory staff, which would be better served by a change of venue, is of lesser importance here than the convenience of the New York State resident drivers and the police trooper. While these factors are relevant, they are not dispositive.
Conspicuously missing from movants' motion papers are affidavits from the ten non-party witnesses which would provide explanatory information as to the inconvenience that they would suffer as a result of this case being tried in Bronx County. Similarly, defense counsel's affirmation is insufficient as it merely contains conclusory statements. The claim that the non-party witnesses would be inconvenienced without any further evidence to support such a statement has been found to be "ludicrous on its face." See, Cardona, supra at 573 (quoting Rodriguez v. Ryder Truck Rental, 100 A.D.2d 811, 811 (1st Dept 1984)). Because movants have not provided a sufficiently viable reason for the inconvenience of the non-party witnesses who were involved in the accident, and because the convenience of the New Jersey driver and the treating physicians is of subordinate importance to this analysis, this element has not been sufficiently satisfied.
Similarly, movants fail to meet their burden in all other respects. Defendants provide no indication that any of these identified witnesses have been contacted and are available and willing to testify. Carrozza v. Galleria Mall at White Plains, 292 A.D.2d 279, 279 (1st Dept 2002). As a result, the third element has not been satisfied. Id., at 279.
Movants further fail to provide any information concerning the nature of the anticipated testimony that will be provided by the non-party witnesses and how this testimony would be material to the issues raised before the Court. An affidavit in support of a motion for change of venue based on the convenience of non-party witnesses must provide some sort of detail of their testimony so that the court can discern whether or not the witness and their testimony is material to the movant's case. Francis v. Jenks, 28 A.D.2d 1007, 1007 (2d Dept 1967); Thorner-Sidney Press, Inc. v. Merling Marx & Seidman,Inc., 115 A.D.2d 328, 328-329 (4th Dept 1985). The submitted affidavit merely states that the drivers and police trooper will testify as to the issues of liability while the physicians will testify as to damages. This is insufficient to determine materiality of the witnesses and their testimony. As such, movants fail to set forth sufficient evidence.
Lastly, defendants also assert that the ends of justice will be promoted by a transfer of the instant action because the trial will occur more expediently in Jefferson County's less congested court system. It is well settled that a delay in reaching trial is merely a factor to be considered and is within the court's discretion. Friedman v. Rosenberg, 33 Misc.2d 101,102, 224 N.Y.S.2d 327, 328 (N.Y. Sup.Ct. 1962). As the Third Department stated in A.M.I. Int'l, Ltd. v. Gary Pool Sales & Service, Inc., 94 A.D.2d 890, 890 (3d Dept 1983), "[w]hile calendar congestion is certainly a factor to be considered in deciding a motion to change venue pursuant to C.P.L.R. 510(3), it is not controlling." Id., at 890. In considering the ends of justice, the court in McComb v. Hilton Heights Apartments, Inc., 43 A.D.2d 972, 972 (2d Dept 1972), granted the motion because the proposed venue was where the action arose, several of the witnesses were officials that could not unnecessarily be inconvenienced, and the trial calendar was less crowded. Id., at 972. Although the action here occurred in Jefferson County and arguably the court docket is less congested than in Bronx County, this case is distinguishable because the preponderance of [*4]witnesses, including the NYS Trooper, do not currently reside in Jefferson County. For all these reasons, the motion must be denied in its entirety.
Plaintiff is directed to serve a copy of this decision and order, with notice of entry, upon all parties via certified mail within 30 days hereof.
This constitutes the Decision and Order.
Dated:June 22, 2004____________________________
Bronx, NY Nelson S. Roman, J.S.C.